ROYLEX, INC., Appellant,

v.

S & B ENGINEERS, INC. et al., Appellees.

No. 8713.

Court of Civil Appeals of Texas, Texarkana.

Dec. 12, 1979.

George M. Bishop, Houston, for appellant.

Robert M. Hardy, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

RAY, Justice.

This is a suit for breach of contract. Appellant (plaintiff) Roylex, Inc. (Roylex), brought suit against appellees, S & B Engineers, Inc. (S & B) and United Pacific Insurance Company (Insurance Company), to recover amounts claimed to be due and owing under the terms of a written subcontract agreement between Roylex and S & B for paving and gutter work allegedly performed by Roylex in connection with a sewerage treatment plant constructed for the City of Galveston. The Insurance Company issued the payment bond on the project. S & B asserted the affirmative defense of accord and satisfaction. The case was tried to a jury and a take nothing judgment was entered by the trial court based upon the jury's answers to special issues and upon the stipulations of counsel regarding attorneys' fees.

Appellant has perfected its appeal and submits seven points of error for our consideration. Appellees submit one cross point for our consideration.

Union Engineering and Construction Company (Union) and S & B are affiliated companies engaged in the engineering and construction business. Union was formed as a separate corporation to use union labor. Union entered into a contract with the City of Galveston to construct a sewerage treatment plant in Galveston. A part of that contract required the building of curbs and gutters and the paving of roadways. That

portion of the job was subcontracted to Roylex, a non-union paving contractor. The subcontract with Roylex provided that S & B would furnish Roylex subgrades within one-tenth of a foot of the required elevation, without compaction. Roylex contends that when S & B turned the project over to it the grades for the road beds were not within one-tenth of a foot as required, and Roylex incurred additional expenses in bringing the beds to the proper grades, which expenses it claims to be entitled to recover from S & B.

S & B contends that the grades were within one-tenth of a foot when the project was turned over to Roylex, but thereafter torrential rains washed sand into the roadbeds disturbing the grade. Since S & B was not required to maintain the grades, S & B disputed these additional charges for grade work.

Roylex also presented other claims for payment to S & B for items which were disputed. The parties entered into discussions regarding these disputed items after which Union issued its Check No. 6240 in the amount of $4,948.70 to Roylex. The check contained the notation on the back, above the place for an endorsement, "Acceptance of this remittance acknowledges full and complete payment for work performed on Galveston Sewerage Treatment Plant." Roylex exchanged the Union check for a cashier's check in the same amount and deposited the proceeds into the account of Roylex, without endorsing or signing the Union check. Roylex then brought this suit against S & B for the balance of the disputed claims. S & B and its surety contend that the receipt and negotiation of Union Check No. 6240 by Roylex constituted an acceptance of the check as an accord and satisfaction of the disputed claim. In answer to Special Issue No. 4 the jury found that at the time Roylex negotiated the check it knew that the check represented full and final payment of all claims. The evidence supports the jury's finding.

■ The check tendered to Roylex was fully negotiable. Tex.Bus. & Comm.Code Ann. § 3.112(a)(6). The fact that Royce

Teel, president of Roylex, Inc., did not sign Union Check No. 6240, but exchanged it for a cashier's check of a like amount and then endorsed the cashier's check and retained the proceeds does not affect the terms contained on the back of the Union check. The creditor cannot by his own acts vary the terms and conditions upon which a check is tendered for payment. *Groves v. Sawyer,* 384 S.W.2d 193 (Tex.Civ.App. Eastland 1964, writ ref'd n. r. e.). Since the Union check was negotiated by exchanging it for a cashier's check, the restrictive conditions on the back of the check were effective to conclude an accord and satisfaction. A bona fide dispute had developed between Roylex and S & B regarding whether S & B owed Roylex for extra work. It was shown that Union Check No. 6240 was tendered upon the condition that acceptance constituted payment in full for work performed on the Galveston Sewerage Treatment Plant. Roylex, by accepting and negotiating the check, did so under the restrictive conditions contained on the check and thus an accord and satisfaction was effected. *Industrial Life Insurance Company v. Finley,* 382 S.W.2d 100 (Tex.1964). When Roylex received this check it was given the choice, either to accept the check as full payment of the debt, or to return same, unaccepted, and sue S & B for its full claim. *Industrial Life Insurance Company v. Finley,* supra; 1 Tex.Jur.2d Accord & Satisfaction § 33, p. 232.

". . . the condition that the tender is in full settlement must be brought home to the creditor. But the creditor's mental process is not controlling; if from the facts he obviously should understand that a check is tendered in full satisfaction, an acceptance will be binding regardless of his actual understanding. . . ." 1 Tex.Jur.2d Accord & Satisfaction § 36, p. 235.

The clear language on the back of the Union check was such that Roylex could not fail to understand that the check was tendered in full satisfaction of the debt and the jury so found based upon adequate evidence.

Appellees' cross point concerns additional attorneys' fees.

■ The parties stipulated in advance of trial that a reasonable attorneys' fee in the trial court would be $3,000.00 and that if the case were appealed to the Court of Civil Appeals that an additional fee of $1,500.00 would be proper. Further, there were stipulations related to the amount of attorneys' fees if an application for writ of error is made to the Texas Supreme Court and an additional fee if the writ is granted. Accordingly, the judgment of the trial court is modified to reflect the stipulations of the parties and appellees are found to be entitled to attorneys' fees in the sum of $4,500.00, and if an application for writ of error is made to the Texas Supreme Court, an additional fee of $500.00 is awarded, plus an additional $3,000.00 is awarded if the Texas Supreme Court grants the writ of error and all attorneys' fees will be paid to the attorneys for the party or parties which ultimately prevail in the case.

The judgment of the trial court as modified, is affirmed.