**Tommy E. HIXSON d/b/a Tommy Hixson & Associates, Appellant,**

v.

**Robert COX, Appellee.**

**No. 20960.**

Court of Appeals of Texas, Dallas.

March 29, 1982.

Rehearing Denied May 6, 1982.

Kenneth R. Stein, Dallas, for appellant.

Stephen L. Baskind, Vial, Hamilton, Koch, Tubb, Know & Stradley, Dallas, for appellee.

Before ROBERTSON, CARVER and ALLEN, JJ.

CARVER, Justice.

Tommy Hixson appeals from a summary judgment in favor of Robert Cox sustaining Cox's plea of accord and satisfaction arising when Hixson accepted and cashed Cox's check bearing a restrictive endorsement reciting settlement. We affirm.

The undisputed summary judgment proof shows that, at Cox's request, Hixson performed certain engineering and related services in connection with property Cox owned in Dallas County, Texas. Hixson billed Cox, $3,712.62. Cox prepared a check for one-half of the claimed amount due and added a restrictive endorsement, typed on both the front and back of the check, that

such check constituted full and final payment of the account. Cox mailed the check to Hixson accompanied by Cox's own letter protesting Hixson's excessive bill and stating that acceptance of the enclosed check constituted full settlement of the account. On receipt of the letter and check, Hixson marked through Cox's restrictive provisions and inserted a typed notation that the check was accepted as part payment only and "without prejudice" to his right to demand full payment of the balance of the account.

■■ The sole question presented for review is whether the trial court erred in finding that Hixson had accepted the accord and satisfaction. Hixson argues that he was entitled to accept and apply the check toward the account balance regardless of Cox's letter and regardless of the restrictive endorsements on both sides of the check. We cannot agree. A valid accord and satisfaction of a money demand may occur on payment of an amount less than the creditor contends is due, when the claim is unliquidated or when there is a dispute between the parties as to the liability on a liquidated claim. *See Vann v. Western Data Centers, Inc.*, 532 S.W.2d 419, 421 (Tex.Civ.App.—Amarillo 1976, no writ). Acceptance of a lesser amount, *even under protest* (as Hixson protested here), results in an accord and satisfaction which is binding on the creditor and precludes recovery for any unpaid amount. *First State Bank v. Knapp*, 3 S.W.2d 468, 469–470 (Tex.Civ. App.—Amarillo 1928, no writ). Moreover, the law in Texas is settled that a disputed money demand may be discharged by the creditor's acceptance and negotiation of a check in an amount less than the claim, tendered on the condition that its acceptance be full and final satisfaction of the claim. *Jenkins v. H. C. Beck Co.*, 449 S.W.2d 454, 458 (Tex.1969); *Rycade Oil Corp. v. Lasater*, 375 S.W.2d 556, 558 (Tex. Civ.App.—Austin 1964, no writ). Since it is undisputed that Cox's check was submitted on the condition that its acceptance constituted full and final satisfaction of Hixson's claim (both the check and the accompanying letter expressly related the conditions of

acceptance), we find that Hixson's attempt to negate the restrictive endorsement ineffective and that his negotiation and acceptance of payment on the check constituted an accord and satisfaction.

Hixson argues that no accord or satisfaction should arise, despite Cox's letter and restricted endorsement check, because he was entitled to assent to the performance offered by the other party with an explicit reservation of rights and not be prejudiced, citing Tex.Bus. & Com.Code Ann § 1.207 (Vernon 1968). We disagree. Sec. 1.207 provides:

> A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest" or the like are sufficient.

This provision appears as one of the general provisions applicable to subsequent chapters of the code, none of which purport to deal with the engagement of personal services or with disputes over payment for such services. Section 1.207 bespeaks of "performance," by one party or the other, but does not speak of "payment," whether as demanded, or less than demanded conditioned on settlement. The "Uniform Commercial Code Comment" appended to the statute which apparently states the position of the Commissioners, who develop and recommend uniform acts, contains no reference to the circumstances as found in our case but, to the contrary, appear to relate primarily to mercantile transactions as provided in Chapter 2, Sales, of the code. No Texas case has applied § 1.207 to a check tendered in full settlement of a disputed account, whether the subject of the original dispute fell within one of the subjects of the code, or not.

We hold that, when Hixson received Cox's check, he was given the choice, either to accept the check as full payment of the disputed (by Cox's letter as well as the restrictive endorsement) debt, or to return

same, unaccepted, and sue Cox for his full claim. *See Roylex, Inc. v. S&B Engineers, Inc.*, 592 S.W.2d 59, 60 (Tex.Civ.App.—Texarkana 1974, no writ). We also hold that Hixson could not, by his own acts in deleting Cox's restrictive endorsement and in making a different notation of "without prejudice," vary the terms and conditions (recited in the letter and in the restrictive endorsement) upon which Cox tendered the check. *Groves v. Sawyer*, 384 S.W.2d 193, 195 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.).

Affirmed.