**James Edward DARDEN, Appellant,**

v.

**HOUSTON LIGHTING & POWER CO.; Perry Homes, Inc.; Perry Homes, a joint venture; Builders Equipment Co., Appellees.**

No. 04–95–00198–CV.

Court of Appeals of Texas, San Antonio.

Nov. 6, 1996.

Rehearing Overruled Dec. 9, 1996.

Robert J. Binstock, Shari A. Wright, Reich & Binstock, Houston, for Appellant.

Andrew S. Oretsky, William R. Pilat, Davis & Shank, P.C., Houston, for Appellees.

Before RICKHOFF, HARDBERGER and PRESTON H. DIAL, Jr.,[1]JJ.

## OPINION

PRESTON H. DIAL, Jr., Justice (Assigned).

This is an appeal from a summary judgment that the plaintiff, James Edward Darden, take nothing from defendants, Perry Homes, Inc. and Perry Homes, A Joint Venture. We will affirm.

Darden had brought a negligence action to recover for personal injuries received in an electrical accident on a job site owned by Perry Homes. Darden was delivering materials on behalf of his employer, an independent contractor. The truck-mounted boom operated by Darden came in contact with, or close proximity to, a high voltage overhead power line resulting in the injuries.

Perry Homes filed a motion for summary judgment on multiple grounds. The motion was granted on unspecified grounds. The order granting the motion for summary judgment recited that the court had considered the defendant's motion for summary judgment (filed December 16, 1993), the plaintiff's response to the motion for summary judgment (filed December 30, 1993), and the defendant's reply to the plaintiff's response (filed January 6, 1994). Hearing was held on the motion for summary judgment on January 7, 1994, and the order granting the motion was signed October 25, 1994. Darden filed plaintiff's response to defendant's supplemental brief in support of Perry Homes's motion for summary judgment on or after October 14, 1994, with affidavits and depositions attached. A motion for new trial with numerous attachments was filed November 23, 1994.

■ Though Darden's brief refers to much of the material attached to these latter two pleadings, none of it will be considered by this court as summary judgment evidence.

Texas Rules of Civil Procedure, rule 166a(c), provides that the judgment shall be rendered on the summary judgment evidence on file at the time of the hearing, or filed thereafter before judgment with permission of the court. There is no showing in the record that permission of the court was obtained for the filing of plaintiff's response to defendant's supplemental brief, which occurred after the hearing, but possibly before the judgment was signed. The motion for new trial and its attachments were filed after the judgment.

■ We must presume that the trial court did not consider the attachments to the plaintiff's response to the defendant's supplemental brief nor the attachments to the motion for new trial when it rendered its judgment. *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985). In reviewing the judgment, we will consider as summary judgment evidence only the attachments to the motion for summary judgment, plaintiff's response, and defendant's reply to plaintiff's response.

■ On the day of the accident, Darden was delivering materials on behalf of his employer, an independent contractor. The truck-mounted boom operated by Darden came in contact, or close proximity to, a high voltage overhead power line. This resulted in an electrical shock and serious injuries to Darden.

Some eight months before, a superintendent for Perry Homes had directed Darden to where he wanted the materials dropped. Darden informed him that this would take him under the power lines. The superintendent said, "Do the best you can." This is the extent of control exercised by Perry Homes over the work of the independent contractor.

■ The general rule is that an owner of a premises does not have a duty to see that an independent contractor performs work in a safe manner. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985). But if the owner retains some control over the manner in which the independent contractor's

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't

Code Ann. § 74.003(b) (Vernon 1988).

work is performed, he may be liable unless he exercises reasonable care in supervising the subcontractor's activity. Giving directions as to the location where materials are to be unloaded is not such supervision or control as would extend to the owner liability for failing a duty to exercise reasonable care.

Since Perry Homes did not have a duty of care to Darden, the trial court correctly granted summary judgment on this basis.

The judgment is affirmed.