INDIANA LUMBERMEN'S MUTUAL
INSURANCE COMPANY,
Appellant,

v.

The STATE of Texas, State.

No. 2–98–373–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 19, 1999.

Rehearing Overruled Oct. 21, 1999.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

SAM J. DAY, Justice.

### Introduction

In this appeal from an adverse judgment on two statutory performance bonds, we must decide whether an accord and satisfaction has occurred as to the disputed amounts made the basis of the underlying lawsuit. Because we conclude that an accord and satisfaction has occurred, we reverse the trial court's judgment and render judgment that the State of Texas take nothing.

### Background Facts

In March and July 1992, Texas Choctaw, Inc. (Choctaw) contracted with the State of Texas to perform certain highway work in Young and Archer Counties. Indiana Lumbermen's Mutual Insurance Company (Indiana) issued statutory performance bonds for the two contracts. The bonds named Choctaw as principal, Indiana as surety, and the State as obligee.

In November 1992, Choctaw failed to maintain the required insurance and stopped work on the projects. The State declared the projects in default in January 1993, and Choctaw's rights under the contracts were terminated. C & D Enterprises eventually completed the projects.

Meanwhile, a dispute arose between Indiana and the State over how much Indiana would owe the State under the performance bonds due to Choctaw's default. Indiana calculated the amount it believed it would eventually owe, after C & D completed the projects, as being $32,-850.33 for the Archer County project and $387.52 for the Young County project. On March 23, 1993, Indiana notified the State by letter that Indiana believed it would eventually owe these amounts and, in light of the parties' dispute, would be tendering these amounts "in the next day or two."

Ford, Yungblut, White & Salazar, P.C., Wesley C. Maness, Dallas, for Appellant.

John Cornyn, Attorney General, Andy Taylor, Linda S. Eads, Grady Click, Rodney D. Parrott, Asst. Attys. Gen., Austin, for Appellee.

On March 25, the State acknowledged the dispute and stated its willingness to accept Indiana's checks for $32,850.33 and $387.52. But the State asserted that its acceptance of the checks would not be an acceptance of Indiana's calculations concerning the amounts it would eventually owe under the bonds.

On March 26, Indiana tendered to the State a check for $32,850.30 and a draft for $387.52 (collectively, checks), along with a letter that reads in pertinent part as follows:

> We are in receipt of [the State's letter] dated March 25, 1993.... We did agree to pay ... liquidated damages for the purpose of settling the matter between [the State] and Indiana Lumbermens. We do reserve the right to dispute the propriety of those liquidated damages in the future if [the State] chooses to pursue Indiana Lumbermens for additional compensation as you have indicated in your letter of March 25.... The check and draft are tendered to you in settlement of the figures contained in my March 23 letter with our continued reservations regarding liquidated damages as set forth above.

The State accepted and negotiated both checks. After C & D completed the projects, the State sued Indiana on the performance bond in May 1994. Following a bench trial, the trial court rendered judgment for the State in the amount of $139,709.57 plus prejudgment interest, and Indiana appealed.

### Accord and Satisfaction

■ In its second issue on appeal, Indiana asserts the trial court erred in rendering judgment for the State because an accord and satisfaction occurred between Indiana and the State as to the dispute over what amount Indiana owed under the performance bond.

■ Any claim arising out of a contract may be the subject of an accord and satisfaction, provided the contract is not illegal. *See Ostrow v. United Bus. Mach., Inc.*, 982 S.W.2d 101, 104 (Tex.App.—Houston [1st Dist.] 1998, no pet.). A valid accord and satisfaction of a money demand may occur on payment of an amount less than the creditor contends is due, when the claim is unliquidated or when there is a dispute between the parties as to the liability on a liquidated claim. *See Hixson v. Cox*, 633 S.W.2d 330, 331 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). An accord is a bargain evidenced in a new contract, either express or implied, that replaces an old agreement. *See Ostrow*, 982 S.W.2d at 104. A good faith dispute as to liability on either a liquidated or unliquidated claim furnishes sufficient consideration, and the satisfaction is the actual performance of the new agreement. *See id.; Hycarbex, Inc. v. Anglo–Suisse, Inc.*, 927 S.W.2d 103, 110 (Tex.App.—Houston [14th Dist.] 1996, no writ).

■■ The evidence must establish the parties' assent to the new agreement. There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. *See Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex.1969). The statement accompanying the tender of a lesser sum must be so clear, full, and explicit that it is not susceptible to any other interpretation. *See id.; cf. City of Mesquite v. Rawlins*, 399 S.W.2d 162, 168 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.) (holding that failure to employ such phrases as "in full settlement" or "in full satisfaction" is immaterial where check is clearly tendered upon condition of full settlement).

In this case, the parties stipulated, and the trial court found, that:

- A dispute existed between Indiana and the State as to the amount Indiana owed the State for Choctaw's default on the Archer and Young County projects;

- This dispute existed at the time Indiana tendered the checks for $32,-850.30 and $387.52 to the State for the projects;
- At the time it received Indiana's tender, the State acknowledged the dispute between it and Indiana as to the amount Indiana owed due to Choctaw's default;
- The State accepted and negotiated both checks but refused to accept Indiana's condition that the amounts tendered would be a settlement of the dispute.

Based on these stipulated facts and fact findings, we hold a valid accord and satisfaction occurred as a matter of law.

■ A disputed money demand may be discharged by the creditor's acceptance and negotiation of a check, in an amount less than the claim, tendered on the condition that its acceptance be in full and final satisfaction of the claim. *See Hixson*, 633 S.W.2d at 331. The creditor's acceptance of a lesser amount, even under protest, is binding on the creditor and precludes recovery for any unpaid amount. *See id.* The parties' stipulations and the trial court's findings conclusively establish that Indiana tendered the checks on the condition that the tender would be in full settlement of the dispute and that the State knew this when it accepted and negotiated the checks.

■ The State argues there was no meeting of the minds because Indiana knew when it tendered the checks that the State did not accept the tender as settlement of Indiana's entire obligation on the bonds. However, to avoid an accord and satisfaction and instead maintain a claim for more than the tendered amounts, the State was required to return the checks to

Indiana without cashing them. *See Pileco, Inc. v. HCI, Inc.,* 735 S.W.2d 561, 562 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Because the State accepted and negotiated the checks, its refusal to accept Indiana's condition of full settlement is immaterial to whether an accord and satisfaction occurred. *See Hixson,* 633 S.W.2d at 331; *see also Pileco,* 735 S.W.2d at 562 (holding that party who accepts and cashes check impliedly agrees to condition, despite express notification to debtor that condition is not being accepted); *Roylex, Inc. v. S & B Eng'rs, Inc.,* 592 S.W.2d 59, 60 (Tex.Civ.App.—Texarkana 1979, no writ) (holding that creditor cannot by its own acts vary the terms and conditions on which a check is tendered for payment).

■ Likewise, the trial court's finding that the State did not intend to accept Indiana's checks as an accord and satisfaction is immaterial to whether an accord and satisfaction occurred. *See Roylex,* 592 S.W.2d at 60 (holding that "the creditor's mental process is not controlling; if from the facts he obviously should understand that a check is tendered in full satisfaction, an acceptance will be binding regardless of his actual understanding. . . .").

■ The State also argues that Indiana's offer was not intended to settle its entire obligation to the State because Indiana reserved the right to dispute the propriety of liquidated damages if the State later pursued Indiana for additional compensation. The trial court found that "the checks sent to [the State] were not an unequivocal offer to settle all claim[s] on both projects." Indiana contends, and we agree, that this finding is incorrect in light of the evidence presented at trial.[1]

---

1. The State contends Indiana is bound by this finding because it has not challenged the sufficiency of the evidence to support it. As we discuss below, there is no evidence to support the finding; thus, it is not binding on Indiana. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986). Indiana contends this

finding is actually a conclusion of law and attacks it as such. Because the issue centers solely around Indiana's March 23 and 26 letters to the State, the contents of which are not in dispute, the trial court's finding is akin to a conclusion based on stipulated facts. On appeal, the only issue is whether the trial

In its March 23 letter, Indiana stated the $32,850.33 and $387.52 were the amounts Indiana believed it would *eventually* owe on the bonds once the projects were completed. When it tendered the checks on March 26, Indiana reiterated that it was paying the amounts as liquidated damages "for the purpose of settling the matter between [the State] and Indiana Lumbermens." As a matter of law, this evidence is an unequivocal offer to settle all of the State's claims on both projects and is not susceptible to any other interpretation. Moreover, there is no evidence to the contrary.

The mere fact that Indiana reserved the right to dispute liquidated damages if the State eventually sued on the bonds did not render Indiana's condition of full settlement unclear. To hold differently would be to place Indiana in the unworkable position of being forced to give up its right to tender in full settlement, on the one hand, or its right to defend against a future lawsuit by the State, on the other. Further, the State's stipulated refusal to accept Indiana's condition shows the State understood, but protested, the condition Indiana was placing on the tender. Under these circumstances, we hold that an accord and satisfaction occurred, and the trial court erred in concluding otherwise.

### Conclusion

We sustain Indiana's second issue. In light of our holding, we need not consider Indiana's remaining issue. We reverse the trial court's judgment and render judgment that the State take nothing from Indiana.

court properly applied the law to the facts. We review the trial court's ruling de novo, and there are no presumed findings to support the judgment. *See Stewart v. Hardie*, 978 S.W.2d 203, 206 (Tex.App.—Fort Worth 1998, pet. denied); *see also White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983) (noting that *conflicting*, probative evidence raises a fact issue).