Leon PETTY, Appellant,

v.

CITIBANK (SOUTH DAKOTA) N.A., Appellee.

No. 11–05–00337–CV.

Court of Appeals of Texas, Eastland.

Feb. 15, 2007.

Charles Scarborough, Scarborough, Tarpley & Fouts, Abilene, for appellant.

Allen Adkins, Samuel E. Sprowles, Mark A. Palm, McCleskey, Harriger, Brazill & Graf, L.L.P., Lubbock, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal arises out of a suit brought by a credit card company against one of its cardholders to collect the unpaid balance of the cardholder's account. The trial court granted the credit card company's motion for summary judgment. We affirm.

### Background Facts

Leon Petty obtained an "AT & T Universal Platinum MasterCard" from Citibank (South Dakota) N.A. in 2001. As of February 2005, the unpaid balance of his account exceeded $11,000. Petty made a payment of $5,900 on the account on February 14, 2005. He asserts that Citibank accepted this payment in full settlement of the debt. As set forth in greater detail below, Petty bases this allegation on a telephone conversation that he had with an account representative and on the restrictive endorsements that he placed on the check that he tendered for payment. Citibank filed suit on April 11, 2005, to collect the remaining balance on the account in the amount of $5,441.17. The trial court granted Citibank's motion for summary judgment by awarding Citibank a judgment in the amount of $5,441.17. The trial court additionally awarded Citibank attorney's fees in the amount of $1,251.47 and post-judgment interest at the rate of 6% per year.

### Standard of Review

■ Citibank filed a traditional motion for summary judgment asserting that its summary judgment evidence conclusively established Petty's liability for the remaining balance of the account. With respect to a traditional summary judgment motion brought under Tex.R. Civ. P. 166a(c), the moving party has the burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Petty responded to the summary judgment motion by filing evidence in support of his affirmative defense of accord and satisfaction. A party relying on an affirmative defense to defeat summary judgment must come forward with summary judgment evidence establishing a fact issue on each element of the affirmative defense. *Am. Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex.1994); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984).

### Issues

Petty attacks the summary judgment in two issues. In his first issue, Petty contends that he raised a fact question in support of his affirmative defense of accord and satisfaction. Petty's second issue is directed to the sufficiency of an affidavit submitted by Citibank in support of its motion for summary judgment. Given the procedural nature of the second issue, we will address it first.

### Sufficiency of Summary Judgment Affidavit

■ Citibank included the affidavit of Jaime Payne as a part of its summary judgment evidence. Payne asserted in the affidavit that she is an account representative of Citicorp Credit Services, Inc. (USA), the "servicer" for Citibank. She further asserted that she is a custodian of records for Citibank with respect to Petty's account. Payne attached over 100 pages of documents to her affidavit that she stated were related to the account. Petty contends that Payne's affidavit did not meet the requirements of establishing the admissibility of these documents under the business records exception to the hearsay rule. *See* Tex.R. Evid. 803(6).

■ Evidence offered in support of or in opposition to a summary judgment motion must be in admissible form to constitute competent summary judgment evi-

dence. *See* TEX.R. CIV. P. 166a(f). There is no difference between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). The decision to admit or exclude evidence is committed to the discretion of the trial court and is reviewed for an abuse of that discretion. *See Transcon. Gas Pipeline Corp. v. Texaco, Inc.*, 35 S.W.3d 658, 670 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

Rule 803(6) provides in relevant part as follows:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with [TEX.R. EVID.] 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX.R. EVID. 902(10)(b) sets out a form affidavit to be used when introducing business records under Rule 803(6). Rule 902(10)(b) provides, however, that the form set out in the rule is not exclusive. An affidavit that substantially complies with the affidavit set out in the rule will suffice. Rule 902(10)(b); *Fullick v. City of Bay-*town, 820 S.W.2d 943, 944 (Tex.App.-Houston [1st Dist.] 1991, no writ).

Payne began her affidavit by stating that the matters asserted in it were based on her personal knowledge of the facts and were all true and correct. She stated that the documents attached to the affidavit consisted of (1) true and correct copies of duplicate monthly credit card statements identifying every charge or cash advance made on the account during the relevant period, (2) a true and correct copy of the credit card agreement entered into by Petty with respect to the account, and (3) a true and correct copy of the credit application submitted by Petty. Payne stated that these documents were kept in the regular course of business and that they were made by an employee or representative with personal knowledge of the account at or near the time of the event recorded or reasonably soon thereafter. Payne's affidavit accompanying the documents substantially complies with Rule 902(10)(b). Therefore, the documents attached to the affidavit, along with the affidavit itself, were admissible as exceptions to the hearsay rule under Rule 803(6). *See Fullick*, 820 S.W.2d at 945. Petty's first issue is overruled.

### Accord and Satisfaction

 The defense of accord and satisfaction rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation by means of a lesser payment being tendered and accepted. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 865 (Tex. 2000); *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex.1969). The evidence must establish an assent of the parties to an agreement that the lesser amount paid by the debtor to the creditor was in full satisfaction of the entire claim. *Jenkins*, 449 S.W.2d at 455. There must be an unmistakable communication to the credi-

tor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. *Id.*

 Petty offered his own affidavit in support of his defense of accord and satisfaction. He stated in relevant part as follows in the affidavit:

I had a telephone conversation with an employee of Plaintiff shortly before January 21, 2005, and told them that I could not pay the full amount of the credit card debt due to medical problems that I was having. I told them that I could pay $5,900.00 in full settlement of the debt which they agreed to. I got a cashier's check, a true copy of which is attached to this affidavit, in the amount of $5,900.00, and placed the restrictive endorsement on both the front and back of the check. Plaintiff then cashed the check with the endorsement thereby accepting the terms of the restriction without objections.

Someone wrote "paid in full" and the account number of the credit card account on the front of the cashier's check that Petty referenced. The back of the cashier's check contained the following restrictive endorsement: "Do not deposit unless for full settlement amount."

Citibank contends that Petty's affidavit is insufficient to raise a fact question on the defense of accord and satisfaction on three legal grounds. The first ground relates to a provision in the credit card agreement that provides as follows: "[Citibank] can accept late or partial payments, as well as payments that reflect 'paid in full' or other restrictive endorsements, without losing any of [its] rights under this Agreement." This contractual provision appears to prohibit Petty from relying on the restrictive language placed on the cashier's check that he tendered to Citibank to establish his defense of accord and satisfaction. This provision is not dispositive, however, because Petty's defensive theory does not rely solely upon the restrictive endorsements. As set out in his affidavit, Petty also relies upon a conversation with a representative of Citibank during which an oral agreement was entered permitting him to settle the account by making the partial payment.[1]

 Citibank cites TEX. BUS. & COM. CODE ANN. § 3.311 (Vernon 2002) as its second ground for affirming the trial court's judgment. Section 3.311 is entitled "Accord and Satisfaction by Use of Instrument." It provides a method by which a claim may be discharged by the debtor tendering a partial payment if the payment instrument or accompanying written communication contains a conspicuous statement to the effect that the instrument is tendered as full satisfaction of the claim. *See* Section 3.311(c). Under its express terms, the statute only applies to a situation wherein the amount of the claim is unliquidated or subject to a bona fide dispute. *See* Section 3.311(a)(2). There is no evidence or allegation that the amount of the debt that Petty owed Citibank was unliquidated or subject to a bona fide dispute. Thus, Petty cannot establish the defense of accord and satisfaction under Section 3.311. However, Petty's inability to rely on Section 3.311 does not forbid him from asserting an accord and satisfaction under common law. Comment 4 of Section 3.311 states as follows: "Section 3–311 does not apply to cases in which the debt is a liquidated amount and not subject to a bona fide dispute. Subsection (a)(ii). Oth-

---

**1.** Under the applicable standard of review, we assume that Petty's description of the phone conversation is correct.

er law applies to cases in which a debtor is seeking discharge of such a debt by paying less than the amount owed." Accordingly, Section 3.311 is not dispositive in this appeal.

■ Citibank's third legal ground is based upon the contention that the accord and satisfaction that Petty relies upon is not supported by consideration. We agree. As stated in *Prather v. Citizens Nat'l Bank of Dallas*, 582 S.W.2d 903, 906 (Tex.Civ.App.-Waco 1979, writ ref'd n.r.e.):

> The old common law rule which has been followed in Texas since early times is as follows: The mere payment of part of a debt which is undisputed is not a sufficient consideration to support a promise to accept the same in full payment of the debt, and does not bar the creditor's suit to recover the balance.[2]

Stated conversely, either an unliquidated claim or a good faith dispute as to liability on a liquidated claim furnishes sufficient consideration to support an accord and satisfaction. *See Ind. Lumbermen's Mut. Ins. Co. v. State*, 1 S.W.3d 264, 266 (Tex. App.-Fort Worth 1999, pet. denied). Since there was no dispute regarding the amount that Petty originally owed to Citibank on the account, there was no consideration to support the agreement he reached with Citibank's representative as a matter of law. Petty's second issue is overruled.

### This Court's Judgment

The judgment of the trial court is affirmed.

---

**2.** *Prather* cites *Silvers Box Corp. v. Boynton Lumber Co.*, 297 S.W. 1059 (Tex.Civ.App.-Eastland 1927, writ ref'd), in support of this proposition. We note this court's previous recognition in *Silvers Box* of the common-law rule as the controlling law. We also note Justice Hickman's criticism in *Silvers Box* of the common-law rule. *Silvers Box*, 297 S.W. at 1061–62.