**Opinion filed January 22, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00073-CV

_____

### ANN ARMSTRONG-CODY, Appellant

### V.

### KINDER MORGAN PRODUCTION COMPANY, LLC, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 23592-A**

## M E M O R A N D U M   O P I N I O N

Ann Armstrong-Cody sued Kinder Morgan Production Company, LLC and Oncor Electric Delivery Company, LLC for negligence in relation to grass fires that consumed her home. The trial court granted Kinder Morgan's no-evidence motion for summary judgment, severed that part of the case, and ordered a take-nothing judgment in its favor. Armstrong-Cody appeals. We affirm.

## I. *Background Facts and Procedural History*

Armstrong-Cody owned property in Scurry County, Texas. She alleged that Kinder Morgan owned, operated, and maintained a transformer near her property and that the transformer ignited a grass fire that swept over and destroyed her home and personal property. Multiple fires occurred that same day in locations near her home. She claimed that Kinder Morgan was negligent in that it failed to properly maintain or inspect its equipment, install adequate safety devices, or act as a reasonably prudent utility provider would in the same or similar circumstances. She further alleged claims for negligence per se, res ipsa loquitur, and premises liability.

Kinder Morgan moved for no-evidence summary judgment two years after it was sued. Kinder Morgan assumed, but did not admit, that it owed the duties alleged by Armstrong-Cody, but it claimed that no evidence existed that it had breached a duty or that any breach by it proximately caused the fire that destroyed her home and property. The trial court granted Kinder Morgan's no-evidence motion for summary judgment on October 1, 2012, severed the case against it on January 4, 2013, and entered a final judgment on January 28, 2013.

## II. *Issue Presented*

Armstrong-Cody asserts that the trial court erred when it granted Kinder Morgan's no-evidence motion for summary judgment because genuine issues of material fact existed on the elements of breach of a duty and proximate cause with respect to her negligence claim.

## III. *Standard of Review*

A party may, after adequate time for discovery, move for no-evidence summary judgment on the ground that no evidence exists of "one or more essential

elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court must grant the motion if the nonmovant produces no competent summary judgment evidence that raises a genuine issue of material fact in support of each element the movant contests in its motion. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

A genuine issue of material fact exists if more than a scintilla of evidence is produced to establish the existence of the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "More than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "[T]he evidence is no more than a scintilla and, in legal effect, is no evidence" if it only creates a "mere surmise or suspicion" of the existence of a vital fact. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). We review the evidence in the light most favorable to the nonmovant in our determination of whether more than a scintilla of evidence exists. *Id.*

IV. *Analysis*

A plaintiff, to prevail on a negligence claim, must prove that the defendant owed her a duty and breached that duty and that the breach proximately caused her damages. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). To prove proximate cause, the plaintiff must show both cause in fact and foreseeability. *Id.* at 551. Because Kinder Morgan challenged, on no-evidence grounds, the elements of breach of duty and causation, Rule 166a(i) required Armstrong-Cody to produce more than a scintilla of summary judgment evidence that raised a genuine issue of material fact on both elements. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 602 (affirming granting of no-evidence motion for summary judgment

3

because nonmovant did not produce more than a scintilla of evidence and, thus, did not show that a genuine issue of material fact existed).

Armstrong-Cody submitted, on appeal, depositions of two Oncor employees, Donald Dewayne Murdock and Juan Francisco Ortegon, that were taken on February 5, 2013. Under Rule 166a(c), the trial court shall only consider proper evidence "referenced or set forth in the motion or response," but Rule 166a does not require the evidence to be attached to the motion or response, merely that the evidence be on file. TEX. R. CIV. P. 166a(c), (d); *see Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004); *Gensheimer v. Kneisley*, 778 S.W.2d 138, 140 (Tex. App.—Texarkana 1989, no writ). We cannot consider the two additional depositions that Armstong-Cody added on appeal because those depositions did not exist until after the trial court granted the no-evidence motion for summary judgment; thus, the trial court could not have considered those depositions when it granted Kinder Morgan's motion. *See* TEX. R. CIV. P. 166a(c); *see Darden v. Houston Lighting & Power Co.*, 936 S.W.2d 25, 26 (Tex. App.—San Antonio 1996, no writ).

In her responses to Kinder Morgan's motion, Armstrong-Cody attached Oncor's responses to requests for production and answers to interrogatories and referenced all pleadings in the clerk's record. However, we cannot consider Oncor's answers to interrogatories because answers to interrogatories can only be used against the party who answered. *See* TEX. R. CIV. P. 197.3; *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998) (applying Rule 197.3's predecessor); *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying Rule 197.3 and holding that a party's answers to interrogatories can only be used against that party and not against another party, including a codefendant). In addition, pleadings, even if sworn, are not summary judgment evidence.

4

*Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543, 545 (Tex. 1971); *Feldman v. Mfrs. Hanover Mortg. Corp.*, 704 S.W.2d 422, 424 (Tex. App.— Houston [14th Dist.] 1985, writ ref'd n.r.e.); *see also State v. Rope*, 419 S.W.2d 890, 900 (Tex. Civ. App.—Austin 1967, writ ref'd n.r.e.) (pleadings alone cannot raise genuine issue of material fact). Furthermore, documents used as summary judgment evidence must be admissible evidence. *See* TEX. R. CIV. P. 166a(f); *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997); *Petty v. Citibank (S.D.) N.A.*, 218 S.W.3d 242, 245 (Tex. App.—Eastland 2007, no pet.).

Armstrong-Cody attached her own deposition testimony. However, she did not testify in her deposition that Kinder Morgan's acts or omissions started a fire or that that specific fire was the one that consumed her home and property; instead, she observed, after the fire, a burnt transformer. In addition, there was no summary judgment evidence that indicated that the transformer was the ignition source of the fire that caused her damages.

Armstrong-Cody attached Kinder Morgan's produced documents and responses to interrogatories and attached the depositions of Sammie Dayton Robertson Jr.—a director of Kinder Morgan—and Weldon McFatridge—a lead lineman for Kinder Morgan. She asserted this evidence raised a fact issue on breach of a duty. Kinder Morgan said that it had no inspection or maintenance reports prior to February 23, 2008, in response to a request to produce such reports, but it did produce drawings, maps, or sketches of the area. Robertson testified at his deposition that Kinder Morgan did "[n]ot necessarily" keep records of its inspections of power lines and transformers. He testified, however, that Kinder Morgan inspected the power lines and transformers every twelve to fourteen months. McFatridge testified at his deposition that Kinder Morgan did not keep records that he knew of for inspections, power line tests, or transformer

replacements. He testified, however, that Kinder Morgan inspected the "circuit of poles" about every eighteen months.

While a material question of operative fact may exist as to how often Kinder Morgan inspected its equipment, Armstrong-Cody nonetheless adduced no summary judgment evidence that Kinder Morgan failed to inspect and maintain its equipment, only that it did not keep records. She also adduced no summary judgment evidence that Kinder Morgan failed to follow statutory or industry standards. In her responses to Kinder Morgan's motion, Armstong-Cody contended that the lack of records "may or may not establish negligence" and that "more investigation could bear fruit." But "[s]peculation cannot create a fact issue." *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997).

Based on our review of the summary judgment evidence in the light most favorable to Armstrong-Cody, we hold that Armstrong-Cody failed to produce summary judgment evidence that raised a genuine issue of material fact on the issue of breach of a duty; she failed to present more than a scintilla of evidence that would enable reasonable and fair-minded people to differ in their conclusions on the issue of the breach of a duty by Kinder Morgan. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 601. Because Armstrong-Cody presented no evidence to raise a genuine issue of material fact on breach of duty, we need not address whether she presented any evidence to raise a genuine issue of material fact on proximate cause. *See Timpte Indus.*, 286 S.W.3d at 310 (explaining that nonmovant must "present evidence raising a genuine issue of material fact supporting each element contested in the motion"). We overrule Armstrong-Cody's sole issue.

6

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

January 22, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.