

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00487-CV

Dawn **JOURDAN**,
Appellant

v.

Wallace T. **JACOBS**,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05596
Honorable Antonia Arteaga, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Irene Rios, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED AS MODIFIED

Dawn Jourdan appeals the summary judgment in favor of her former attorney, Wallace T.

Jacobs. On appeal, Jourdan argues the trial court erred in granting Jacobs's motion for summary

judgment and in denying her motion for new trial. We modify the judgment to decrease the

principal amount due from $24,743.25 to $6,022.62, and affirm the judgment as modified.

---

[1]The issues raised by Jourdan on appeal relate to (1) the partial summary judgment granted in favor of Jacobs; and (2) the order granting Jacobs's motion for reconsideration of the order granting Jourdan's motion for new trial. The Honorable David Canales signed the partial summary judgment in favor of Jacobs. The Honorable Antonio Arteaga signed the order granting Jacobs's motion for reconsideration.

## BACKGROUND

In June 2008, Jourdan hired Jacobs to represent her on a motion to enforce an agreed settlement pursuant to her divorce decree. The motion for enforcement, however, was unsuccessful and resulted in a large judgment against her. On April 7, 2014, Jourdan was sued by Jacobs for outstanding legal fees. In his petition, Jacobs alleged breach of contract and quantum meruit. In response to the lawsuit, Jourdan filed a pro se answer that generally denied the allegations and alleged the affirmative defenses of limitations, estoppel, and laches. On September 18, 2015, Jacobs filed a traditional motion for summary judgment. His motion stated that the cause was "a suit on an account, or alternatively a suit to enforce payment under a contract . . . ." The motion for summary judgment first argued that Jourdan had failed to comply with Texas Rule of Civil Procedure 93(10) and 185 because her answer was not a "timely filed sworn pleading, verified by and supported by affidavit." The motion then made an alternative argument:

> Alternatively, this motion is to enforce payment pursuant to a contract whereby Plaintiff agreed to provide legal services to Defendant at the request of Defendant, Plaintiff performed those services, and Defendant, despite numerous requests for payment, has failed and continues to fail to make requested payment. As a result of the failure of the Defendant to pay for the services rendered by the Plaintiff, Plaintiff is entitled to attorney's fees under applicable statutes for bringing this action for contract enforcement plus all applicable court costs.

In support of his motion for summary judgment, Jacobs attached his own affidavit, the agreement for legal services signed by Jourdan and him, a detailed statement of account of services, and a letter dated February 18, 2014 in which Jacobs demanded payment from Jourdan.

On October 6, 2015, Jourdan filed a First Amended Verified Answer and Affirmative Defenses. Her amended answer generally denied the allegations and alleged the affirmative defenses of limitations, estoppel, and laches. The amended answer then added verified denials pursuant to Texas Rule of Civil Procedure 63, stating that (1) she had not been credited with all just and lawful offsets, payments, and credits; (2) the amount Jacobs claimed she owed is incorrect;

and (3) the prices charged by Jacobs were not in accordance with their agreement and were unreasonable.

At the summary judgment hearing on October 14, 2015, Jourdan appeared and represented herself. She explained to the court that she had not filed a response to the motion for summary judgment because she "just wasn't aware [she] needed to do that." She explained she had amended her answer and brought affirmative defenses. On November 12, 2015, the trial court signed an order granting partial summary judgment in favor of Jacobs in the amount of $24,743.25 plus $2,757.98 in attorney's fees. On November 13, 2015, Jourdan (now represented by counsel) filed a motion to reconsider the partial summary judgment. On November 23, 2015, the trial court held a hearing on Jourdan's motion to reconsider. Jourdan's counsel argued that the partial summary judgment was rendered on a cause of action not pled by Jacobs. According to Jourdan, Jacobs's live pleading alleged breach of contract and quantum meruit, but did not allege a suit on sworn account. Jourdan argued Jacobs's motion for summary judgment was based, however, on a suit on a sworn account. The trial court denied Jourdan's motion to reconsider:

> And so, the Court rules that the original ruling it reached should remain undisturbed, as follows, though – The following points, which I think I need to clarify for the record: So, summary judgment was granted on the breach of contract action, which was properly pled in the Plaintiff's Original Petition for suit on contract and quantum meruit. The quantum meruit claim was not a part of the motion for summary judgment, so summary judgment was not granted on the quantum meruit claim, the claim which, as of now, still remains live. The Rules of Civil Procedure – [Rule] 185 [suit on account] is a rule of procedure, not an independent cause of action; and so, if there is any confusion let it be clear that I did not grant summary judgment on a suit on sworn account. I think the evidence – and I do believe, from what I reviewed then and now, that the evidence was sufficient and uncontroverted to establish the Plaintiff's – all that's on the breach of contract claim only.

On March 20, 2017, Jacobs filed a motion for non-suit, requesting the trial court dismiss any remaining claims. On March 27, 2017, the trial court signed the order for nonsuit, making the order final and appealable. Jourdan then filed a motion for new trial. Jacobs filed a response to the

motion, along with a notice that he had a vacation letter on file and would be on vacation from June 6, 2017 to June 19, 2017. On June 8, 2017, in the middle of Jacobs's vacation, the trial court held a hearing on Jourdan's motion for new trial. Jacobs did not appear. Jourdan explained that Jacobs had filed a vacation letter but had not notified Jourdan of his vacation letter timely pursuant to local rules. The trial court granted Jourdan's motion for new trial. Then, on June 27, 2017, after returning from vacation, Jacobs filed a motion for reconsideration of the grant of a new trial. On July 17, 2017, the trial court granted Jacobs's motion for reconsideration and vacated its prior order granting the new trial. Jourdan then filed a timely notice of appeal.

### SUMMARY JUDGMENT

Jourdan argues the trial court erred in granting summary judgment in favor of Jacobs because (1) Jacobs's motion sought summary judgment on a sworn account cause of action, which was not pled in his live pleading; (2) Jacobs's motion did not address Jourdan's verified denials in her amended answer; and (3) the summary judgment evidence did not support the trial court's award. Jourdan further argues the attorney's fees awarded to Jacobs were granted in error because "the summary judgment was granted in error." According to Jourdan, Jacobs is "not entitled to attorney's fees because he should not have prevailed." Finally, Jourdan argues that the trial court erred in failing to grant her motion for new trial.

First, Jourdan argues that Jacobs sought summary judgment on a theory not included in his live petition. According to Jourdan, the trial court granted summary judgment on a suit on a sworn account cause of action that was not included in Jacobs's live pleading. Jourdan made this same argument in her motion to reconsider partial summary judgment. At the hearing on her motion to reconsider partial summary judgment, the trial court clarified that summary judgment had been granted on Jacobs's breach of contract claim, which had been properly pled in his petition. The trial court explained that a suit on sworn account relates to a procedure found in Texas Rule of

Civil Procedure 185. *See Woodhaven Partners, Ltd. v. Shamoun & Norman, LLP*, 422 S.W.3d 821, 833 (Tex. App.—Dallas 2014, no pet.) (explaining Rule 185 "sets out the criteria for a suit on an account," which can include an open account "for personal service rendered," provides a "procedure regarding the evidence necessary to establish a prima facie right of recovery," and prevents an "opponent that does not properly file a written denial under oath" to dispute "the receipt of the services or the correctness of the charges"). But, to clear up any confusion, the trial court stated the following: "[L]et it be clear that I did not grant summary judgment on a suit on sworn account." According to the trial court, "I think the evidence – and I do believe, from what I reviewed then and now, that the evidence was sufficient and uncontroverted to establish Plaintiff's – all that's on the breach of contract claim only." The trial court noted Jacobs's quantum meruit claim was still pending.[2] In reviewing the appellate record, we agree with the trial court that in his live petition, Jacobs pled a breach of contract action for Jourdan's failure to pay attorney's fees and that summary judgment was granted on Jacobs's breach of contract claim. Therefore, we find no merit in Jourdan's first argument.

Second, Jourdan argues that the evidence attached to Jacobs's traditional motion for summary judgment did not establish Jacobs was entitled to summary judgment on his breach of contract claim. To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at

---

[2] After this hearing, Jacobs nonsuited his pending quantum meruit claim.

549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49.

Jacobs, as plaintiff, had the burden to show that he was entitled to prevail on each and every element of his breach of contract claim. *See Ortega-Carter v. Am. Int'l Adjustment Co.*, 834 S.W.2d 439, 441 (Tex. App.—Dallas 1992, writ denied). The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Woodhaven*, 422 S.W.3d at 837.

When moving for summary judgment, a plaintiff is not required to conclusively disprove affirmative defenses pled by a defendant. *See Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("merely *raising* an affirmative defense will not prevent the rendering of a summary judgment") (emphasis in original); *see also Hammer v. Powers*, 819 S.W.2d 669, 673 (Tex. App.—Fort Worth 1991, no writ). Instead, if the party opposing summary judgment intends to rely upon an affirmative defense, the party must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of that affirmative defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see also Petty v. Citibank N.A.*, 218 S.W.3d 242, 244 (Tex. App.—Eastland 2007, no pet.); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex. App.—Houston [1st Dist.] 1993, no writ).

As summary judgment evidence in support of his motion, Jacobs attached his own affidavit, his written contract with Jourdan; and a detailed account statement from his law office. In his affidavit, Jacobs affirmed that he was hired by Jourdan to represent her in a post-divorce action, and that she had failed to pay all the attorney's fees owed. He affirmed that the attached written

agreement and account statement were true and correct copies, which had been kept by him under his direct control in the regular course of his business. He explained he performed services for Jourdan as described in the account statement and that Jourdan accepted his services. According to his affidavit, the account statement described each service provided, the price of each service, and the date each service was delivered to Jourdan. He affirmed that the cost of each service was agreed to by Jourdan in accordance with their agreement and that Jourdan did not make any complaint of the charges on the account. He affirmed that Jourdan had failed to pay the balance owed "after every just and lawful offset, credit, or payment [was] allowed." He affirmed that he had made many demands of payment, and that his last demand was on February 18, 2014.

On appeal, Jourdan argues this summary judgment evidence is insufficient to meet Jacobs's summary judgment burden because the written agreement explicitly states that it does not include representation on appeal. The written agreement for legal services signed by Jourdan and Jacobs states the following:

> ## REPRESENTATION DOES NOT INCLUDE APPELLATE COURTS
> This agreement does not include representation of the client in an appeal of this case to an appellate court. If the client desires to appeal, the client and the lawyer will consider the appeal as a separate case. A new fee agreement will be necessary for the appeal. Neither does this agreement include representation of the client in any other proceedings in an appellate court. If the client desires the lawyer to represent the client in any proceedings before an appellate court, a new fee agreement will be necessary for that representation.

Further, the last sentence of the agreement states, "This written agreement contains the entire agreement of the parties. There are no terms of our agreement that are not contained in this written agreement."

Jourdan points out that the account statement attached by Jacobs as summary judgment evidence includes fees related to the proceeding in the trial court and fees related to a subsequent appellate proceeding. Thus, she argues the summary judgment granted in favor of Jacobs for the

full amount of $24,743.25, which consists of attorney's fees for <u>both</u> the trial court representation and appellate representation, is insufficient. We agree with Jourdan that the summary judgment evidence attached by Jacobs clearly shows fees charged related to both the trial court proceeding and the appellate proceeding. We also agree with Jourdan that the written agreement relates only to fees accrued during the trial court proceeding and that Jacobs did not produce any summary judgment evidence of a written agreement relating to the appellate proceeding. Thus, we conclude that any fees awarded to Jacobs on the basis of his representation of Jourdan during the appellate proceeding were awarded in error. The detailed account statement attached by Jacobs to his motion for summary judgment shows unpaid attorney's fees in the amount $24,743.25. However, the account statement clearly shows that unpaid fees related <u>to the trial court proceeding</u> constituted only $6,022.62. Therefore, the trial court erred in awarding Jacobs $24,743.25.[3]

With regard to the unpaid attorney's fees of $6,022.62, which related to representation during the trial court proceeding, Jourdan argues her affirmative defense of limitations bars judgment. She claims accrual of Jacobs's breach of contract claim began on May 26, 2009, the date on which Jacobs's account statement shows she made her last payment, which she points out was more than four years before Jacobs filed suit for breach of contract. However, whether May 26, 2009 is the appropriate accrual date for the breach of contract claim, Jourdan has failed to preserve her affirmative defense of limitations for appeal.

To properly preserve an affirmative defense for purposes of appeal of a summary judgment, a defendant must expressly present that affirmative defense to the trial court in the summary judgment proceeding, whether it be through her own motion for summary judgment and/or in a response to the plaintiff's motion for summary judgment, and adduce proof supporting that

---

[3]The appellate work completed by Jacobs might have been recoverable under his quantum meruit claim. However, Jacobs nonsuited his quantum meruit claim in the trial court.

defense. *TPS Freight Distribs., Inc. v. Tex. Commerce Bank*, 788 S.W.2d 456, 459 (Tex. App.—Fort Worth 1990, writ denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677-79 (Tex. 1979)). Absent a record demonstrating that the affirmative defense was properly presented to the trial court in the summary judgment proceeding, the appellant has waived her affirmative defense. *Id.* In this case, Jourdan did not file her own motion for summary judgment on the affirmative defense of limitations, nor did she file a response to Jacobs's motion for summary judgment. Jourdan argues on appeal that she filed a verified answer raising the affirmative defense; however, "merely raising such an affirmative defense in an answer to a petition does not preserve that defense on appeal from a summary judgment in favor of the plaintiff." *Id.* "Pleadings, even if sworn to, do not constitute summary judgment proof." *Id.* Thus, we hold Jourdan waived her affirmative defense of limitations.

Jourdan also argues that the trial court erred in failing to grant her motion for new trial, urging that the *Craddock* motion for new trial standard applies. Under the *Craddock* standard, a default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939).

In *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), the Texas Supreme Court explained that the "purpose in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." However, the court explained that when the "rules provide the defaulting party a remedy, *Craddock* does not apply." *Id.* Thus, "*Craddock* does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant

failed to timely respond *when the movant had an opportunity to seek a continuance or obtain permission to file a late response*." *Id.* (emphasis added). In a later case, however, the supreme court distinguished this holding as applied to pro se litigants. In *Wheeler v. Green*, 157 S.W.3d 439, 441 (Tex. 2005), the pro se litigant did not file a response to the opposing party's motion for summary judgment but did appear at the summary judgment hearing. The supreme court distinguished its holding in *Carpenter*, explaining that "nothing in this record suggests that before summary judgment was granted, [the pro se litigant] realized her responses [to requests for deemed admissions] were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Wheeler*, 157 S.W.3d at 442. Thus, the court held the pro se litigant "was entitled to raise them in her motion for new trial." *Id.*; *see also Wash. v. McMillan*, 898 S.W.2d 392, 393 (Tex. App.—San Antonio 1995, no writ) (holding that *Craddock* standard "applies in the summary judgment context"). As in *Wheeler*, there is nothing in this appellate record to suggest that before summary judgment was granted in favor of Jacobs, Jourdan knew that she needed to file a response to Jacobs's summary judgment motion. Therefore, we conclude that the *Craddock* standard applies in this case.

Under *Craddock*, Jourdan's motion for new trial needed to set up a meritorious defense. *Craddock*, 133 S.W.2d at 126. In the summary judgment context, "to set up a meritorious defense" "means to allege facts and bring forth summary judgment proof sufficient to raise a material issue of fact." *McMillan*, 898 S.W.2d at 396; *see also Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 825 (Tex. App.—San Antonio 2012, no pet.). It "does not mean that the motion should be granted if it merely alleges that the defendant 'has a meritorious defense.'" *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). "The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Id.*

- 10 -

Here, Jourdan's motion for new trial did not allege facts which in law would constitute a defense to Jacobs's breach of contract claim, nor did she provide any evidence supporting such a defense. She argued that she had filed a verified answer asserting affirmative defenses, but she did not allege any facts supporting these affirmative defenses. And, while she attached her own affidavit to her motion for new trial, her affidavit did not affirm any facts related to her affirmative defenses. Instead, the affidavit focused on why she had not realized that Jacobs had filed a motion for summary judgment. We conclude that because Jourdan did not set up a meritorious defense in her motion for new trial, the trial court did not err in failing to grant her motion for new trial.

Finally, in her appellate brief, Jourdan argues that the trial court erred in awarding Jacobs $2,757.98 in attorney's fees because summary judgment was granted in error. According to Jourdan, because Jacobs was not entitled to summary judgment, he was not entitled to the award of any attorney's fees. However, we have determined that Jacobs was entitled to summary judgment, just not in the amount of $24,743.25. Because Jacobs's summary judgment evidence supported damages in the amount of $6,022.62, we modify the judgment to reflect $6,022.62 "as the principal amount due." Therefore, Jourdan was entitled to summary judgment. We overrule Jourdan's final issue on appeal.

### CONCLUSION

We modify the trial court's judgment to reflect "$6,022.62 as the principal amount due" and affirm the judgment as modified.

Karen Angelini, Justice