**Kyle F. FULLICK, Appellant,**

v.

**CITY OF BAYTOWN, Goose Creek Independent School District, and Lee College District, Appellees.**

**No. 01–91–00358–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1991.

Rehearing Denied Jan. 23, 1992.

Jerry L. Schutza, Houston, for appellant.

Bernardo Garcia, Houston, Stephen H. DonCarlos, Ron McLemore and Warren Lee, Asst. City Attys., Baytown, for appellees.

Before SAM BASS, HUGHES and DUNN, JJ.

OPINION

DUNN, Justice.

Kyle F. Fullick appeals from the judgment entered, after a trial before the trial

court, against him for unpaid personal property taxes.

Suit was brought by the state of Texas and Harris County against Fullick and the business he owned, Upper Crust Pizza, for unpaid personal property taxes. The City of Baytown, Goose Creek I.S.D., and Lee College District intervened in the suit as plaintiffs. At trial, Goose Creek I.S.D. and Lee College District offered into evidence, over objection by Fullick, a certified copy of a tax statement showing the property that was the subject of the lawsuit and the amount of tax owed on the property, along with an affidavit from John J. Muth, the tax assessor-collector for the Lee College District and Goose Creek I.S.D. (Goose Creek I.S.D.'s exhibit number one) The City of Baytown also offered into evidence, over Fullick's objection, a certified copy of a tax statement, along with the affidavit of Ann Rosier, the tax collector for the City of Baytown (the City of Baytown's exhibit number one).

Fullick now appeals the judgment rendered in favor of the City of Baytown, Goose Creek I.S.D., and Lee College District. He does not appeal the judgment entered in favor of the state of Texas or Harris County. Upper Crust Pizza does not appeal.

In his sole point of error, Fullick asserts the trial court erred in admitting the City of Baytown's exhibit number one and Goose Creek I.S.D.'s exhibit number one into evidence, because the exhibits were inadmissible hearsay and were not properly authenticated. Fullick contends that because the exhibits were inadmissible, there was no evidence to support the judgment in favor of the City of Baytown, Goose Creek I.S.D., and Lee College District. Specifically, Fullick asserts that the affidavits contain statements other than the language required to certify the tax statements as true and correct, thereby making the affidavits inadmissible hearsay under Tex. R.Civ.Evid. 802.

To obtain reversal of a judgment based on error in the admission of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. *Texaco, Inc. v. Pennzoil, Inc.*, 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); Tex.R.App.P. 81(b)(1).

■ Fullick's contention that the exhibits were inadmissible is without merit. Tex.R.Civ.Evid. 803(6) provides that the following is not excluded from evidence by the hearsay rule, even if the declarant is available to testify:

(6) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation ... by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Rule 902(10) of the Texas Rules of Civil Evidence sets out a form of affidavit to be used with business records under rule 803(6). Rule 902(10) provides that the form set out in the rule is not exclusive, and that an affidavit which substantially complies with the affidavit set out in the rule will suffice.

The record reflects that the tax statements were: 1) data compilations of conditions (the taxes owed and paid to the taxing authorities); 2) made from information transmitted by a person with knowledge of the taxes owed and paid to the taxing authority; and 3) kept in the course of a regularly conducted business activity. The record also reflects that the regular practice of the taxing authorities was to make the tax statements, and the affidavits accompanying the tax statements substantially complied with rule 902(10). Therefore, the tax statements, along with the affidavits were admissible as an exception to the hearsay rule under 803(6).

Statements in the affidavits that Fullick claims are hearsay reflect what is shown in

the tax statements: Fullick owed the City of Baytown and Goose Creek I.S.D. delinquent taxes and the taxes had not been paid. Fullick also claims statements made by Rozier that she was the tax assessor-collector for the City of Baytown, and by Muth that he was the tax assessor-collector for Goose Creek I.S.D., are inadmissible hearsay. Because the affidavits substantially comply with rule 902(10), these statements are not inadmissible hearsay under rule 803(6).

■ Fullick's claim that the exhibits were not properly authenticated is also without merit. Fullick asserts that the affidavits and tax statements were not self-authenticating under TEX.R.CIV.EVID. 902 because the tax statements were not certified under seal, as required by TEX.R.CIV. EVID. 902(4). Fullick objected at trial that the City of Baytown and Goose Creek I.S.D. did not properly authenticate the affidavits and the tax statements under rule 902(4).

TEX.R.CIV.EVID. 902(4) provides that the following documents are self-authenticating:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed by the Supreme Court pursuant to statutory authority.

Paragraph one of rule 902 requires a public document to bear a seal purporting to be that of a particular political subdivision department, officer, or agency thereof, and a signature purporting to be an attestation to be self-authenticating. TEX.R.CIV.EVID. 902(1). Paragraph two of rule 902 provides that if a public document purports to bear the signature of an officer or employee of a political subdivision not under seal, then "a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certi-

fies under seal that the signer has the official capacity and that the signature is genuine" to be self-authenticating. TEX. R.CIV.EVID. 902(2). Paragraph three of rule 902 deals with self-authentication of foreign public documents. TEX.R.CIV.EVID. 902(3).

We agree with Fullick that the tax statements were not self-authenticating under rule 902(4), because the tax statements did not bear a seal from either the City of Baytown or Goose Creek I.S.D., nor did a public officer certify under seal that the person signing the tax statements had the official capacity to sign the tax statements. However, the record reflects that the tax statements were properly self-authenticated under TEX.R.CIV.EVID. 902(10).

Rule 902(10) provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> ....

> **(10) Business Records Accompanied by Affidavit**
>
> a. Any records or set of records or photographically reproduced copies of such records, which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7), provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause in which the record or records are sought to be used as evidence at least fourteen (14) days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit, which notice shall identify the name and employer, if any, of the person making the affidavit and such records shall be made available to the counsel for other parties to the action or litigation for inspection and copying.

Here, the Goose Creek I.S.D. and Lee College District tax statements were certi-

fied as true and correct by Mary Ann Hillin, a deputy tax collector, and by John Muth, the tax assessor-collector for the two school districts, in his affidavit. The City of Baytown's tax statement was certified as true and correct by Mary Ann Rozier, the tax assessor-collector for the City, on the tax statement itself and by affidavit. The affidavits for each reflected that Mr. Muth and Ms. Rozier were the custodians of the respective tax statements.

A party may not enlarge his trial complaint on appeal. The party is confined to the objection he made at trial and may not make additional arguments and complaints on appeal. *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 820 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Although there is nothing in the record to indicate that the tax statements were filed with the court clerk 14 days before the day of trial, or that Fullick or his attorney was provided notice of the filing of the tax statements and affidavits, Fullick made no objection concerning these matters. Fullick objected to the introduction of the tax statements and affidavits because they had not been properly authenticated under rule 902(4); he did not object to the documents not being properly authenticated under rule 902(10). Because Fullick did not object at trial on the basis that the tax statements were not filed with the clerk 14 days before the day of trial or that he was not provided notice of the filing of the tax statements, Fullick waived these arguments. *See Texaco*, 729 S.W.2d at 820.

Appellant's sole point of error is overruled.

The judgment is affirmed.