Opinion filed February 15, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed February 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00337-CV 

                                                     __________

 

                                           LEON
PETTY, Appellant

 

                                                             V.

 

                         CITIBANK
(SOUTH DAKOTA)
N.A., Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                          Taylor County,
Texas

 

                                                    Trial
Court Cause No. 19950

 



 

                                                                   O
P I N I O N

 

This appeal arises out of a suit brought by a
credit card company against one of its cardholders to collect the unpaid
balance of the cardholder=s
account.  The trial court granted the
credit card company=s motion
for summary judgment.  We affirm.

                                                               Background
Facts








Leon Petty obtained an AAT&T
Universal Platinum MasterCard@
from Citibank (South Dakota)
N.A. in 2001.  As of February 2005, the
unpaid balance of his account exceeded $11,000. 
Petty made a payment of $5,900 on the account on February 14, 2005.  He asserts that Citibank accepted this
payment in full settlement of the debt. 
As set forth in greater detail below, Petty bases this allegation on a
telephone conversation that he had with an account representative and on the
restrictive endorsements that he placed on the check that he tendered for
payment.  Citibank filed suit on April
11, 2005, to collect the remaining balance on the account in the amount of
$5,441.17.  The trial court granted Citibank=s motion for summary judgment by
awarding Citibank a judgment in the amount of $5,441.17.  The trial court additionally awarded Citibank
attorney=s fees in
the amount of $1,251.47 and post-judgment interest at the rate of 6% per year.

                                                              Standard
of Review 

Citibank filed a traditional motion for summary
judgment asserting that its summary judgment evidence conclusively established
Petty=s
liability for the remaining balance of the account.  With respect to a traditional summary
judgment motion brought under Tex. R.
Civ. P. 166a(c), the moving party has the burden of showing that there
is no genuine issue as to any material fact and that it is entitled to judgment
as a matter of law.  Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215-16 (Tex. 2003). In reviewing a summary judgment,
we consider the evidence in the light most favorable to the nonmovant and
resolve any doubts in the nonmovant=s
favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).  Petty responded to the summary judgment
motion by filing evidence in support of his affirmative defense of accord and
satisfaction.  A party relying on an
affirmative defense to defeat summary judgment must come forward with summary
judgment evidence establishing a fact issue on each element of the affirmative
defense. Am. Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994); Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex.
1984).

                                                 Issues

Petty attacks the summary judgment in two
issues.  In his first issue, Petty
contends that he raised a fact question in support of his affirmative defense
of accord and satisfaction.  Petty=s second issue is directed to the
sufficiency of an affidavit submitted by Citibank in support of its motion for
summary judgment.  Given the procedural
nature of the second issue, we will address it first.

                                           Sufficiency
of Summary Judgment Affidavit








Citibank included the affidavit of Jaime Payne as
a part of its summary judgment evidence. 
Payne asserted in the affidavit that she is an account representative of
Citicorp Credit Services, Inc. (USA),
the Aservicer@ for Citibank.  She further asserted that she is a custodian
of records for Citibank with respect to Petty=s
account.  Payne attached over 100 pages
of documents to her affidavit that she stated were related to the account.  Petty contends that Payne=s affidavit did not  meet the requirements of establishing the
admissibility of these documents under the business records exception to the
hearsay rule.  See Tex. R. Evid. 803(6).  

Evidence offered in support of or in opposition to
a summary judgment motion must be in admissible form to constitute competent
summary judgment evidence. See Tex.
R. Civ. P. 166a(f).  There is no
difference between the standards for evidence that would be admissible in a
summary judgment proceeding and those applicable at a regular trial. United
Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). 
The decision to admit or exclude evidence is committed to the discretion
of the trial court and is reviewed for an abuse of that discretion.  See Transcon. Gas Pipeline Corp. v.
Texaco, Inc., 35 S.W.3d 658, 670 (Tex. App.CHouston
[1st Dist.] 2000, pet. denied).  A trial
court abuses its discretion if it acts without reference to any guiding rules
or principles or acts in an arbitrary or unreasonable manner. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985). 

Rule 803(6) provides in relevant part as
follows:  

A memorandum, report, record, or data compilation,
in any form, of acts, events, conditions, opinions, or diagnoses, made at or
near the time by, or from information transmitted by, a person with knowledge,
if kept in the course of a regularly conducted business activity, and if it was
the regular practice of that business activity to make the memorandum, report,
record, or data compilation, all as shown by the testimony of the custodian or
other qualified witness, or by affidavit that complies with [Tex. R. Evid.] 902(10), unless the
source of information or the method or circumstances of preparation indicate
lack of trustworthiness.

 

Tex. R. Evid. 902(10)(b)
sets out a form affidavit to be used when introducing business records under
Rule 803(6). Rule 902(10)(b) provides, however, that the form set out in the
rule is not exclusive.  An affidavit that
substantially complies with the affidavit set out in the rule will suffice.  Rule 902(10)(b); Fullick v. City of Baytown,
820 S.W.2d 943, 944 (Tex. App.CHouston
[1st Dist.] 1991, no writ).








Payne began her affidavit by stating that the
matters asserted in it were based on her personal knowledge of the facts and
were all true and correct. She stated that the documents attached to the
affidavit consisted of (1) true and correct copies of duplicate monthly credit
card statements identifying every charge or cash advance made on the account
during the relevant period, (2) a true and correct copy of the credit card
agreement entered into by Petty with respect to the account, and (3) a true and
correct copy of the credit application submitted by Petty.  Payne stated that these documents were kept
in the regular course of business and that they were made by an employee or
representative with personal knowledge of the account at or near the time of
the event recorded or reasonably soon thereafter. Payne=s
affidavit accompanying the documents substantially complies with Rule
902(10)(b).  Therefore, the documents
attached to the affidavit, along with the affidavit itself, were admissible as
exceptions to the hearsay rule under Rule 803(6).  See Fullick, 820 S.W.2d at 945.  Petty=s
first issue is overruled.

                                                           Accord
and Satisfaction 

The defense of accord and satisfaction rests upon
a new contract, express or implied, in which the parties agree to the discharge
of an existing obligation by means of a lesser payment being tendered and
accepted.  Lopez v. Munoz, Hockema
& Reed, L.L.P., 22 S.W.3d 857, 865 (Tex. 2000);  Jenkins v. Henry C. Beck Co., 449
S.W.2d 454, 455 (Tex. 1969).  The
evidence must establish an assent of the parties to an agreement that the
lesser amount paid by the debtor to the creditor was in full satisfaction of
the entire claim.  Jenkins, 449
S.W.2d at 455.  There must be an
unmistakable communication to the creditor that tender of the lesser sum is
upon the condition that acceptance will constitute satisfaction of the
underlying obligation.  Id.

Petty offered his own affidavit in support of his
defense of accord and satisfaction.  He
stated in relevant part as follows in the affidavit:

I had a telephone conversation with an employee of
Plaintiff shortly before January 21, 2005, and told them that I could not pay
the full amount of the credit card debt due to medical problems that I was
having.  I told them that I could pay
$5,900.00 in full settlement of the debt which they agreed to.  I got a cashier=s
check, a true copy of which is attached to this affidavit, in the amount of
$5,900.00, and placed the restrictive endorsement on both the front and back of
the check.  Plaintiff then cashed the
check with the endorsement thereby accepting the terms of the restriction
without objections.

 








Someone wrote Apaid
in full@ and the
account number of the credit card account on the front of the  cashier=s
check that Petty referenced.  The back of
the cashier=s check
contained the following restrictive endorsement: ADo
not deposit unless for full settlement amount.@

Citibank contends that Petty=s affidavit is insufficient to raise a
fact question on the defense of accord and satisfaction on three legal
grounds.  The first ground relates to a
provision in the credit card agreement that provides as follows:  A[Citibank]
can accept late or partial payments, as well as payments that reflect >paid in full=
or other restrictive endorsements, without losing any of [its] rights under
this Agreement.@  This contractual provision appears to
prohibit Petty from relying on the restrictive language placed on the cashier=s check that he tendered to Citibank to
establish his defense of accord and satisfaction.  This provision is not dispositive, however,
because Petty=s
defensive theory does not rely solely upon the restrictive endorsements.  As set out in his affidavit, Petty also
relies upon a conversation with a representative of Citibank during which an
oral agreement was entered permitting him to settle the account by making the
partial payment.[1]








Citibank cites Tex.
Bus. & Com. Code Ann. '
3.311 (Vernon 2002) as its second ground for affirming the trial court=s judgment.  Section 3.311 is entitled AAccord and Satisfaction by Use of
Instrument.@ It
provides a method by which a claim may be discharged by the debtor tendering a
partial payment if the payment instrument or accompanying written communication
contains a conspicuous statement to the effect that the instrument is tendered
as full satisfaction of the claim.  See
Section 3.311(c).   Under its express
terms, the statute only applies to a situation wherein the amount of the claim
is unliquidated or subject to a bona fide dispute.  See Section 3.311(a)(2).   There is no evidence or allegation that the
amount of the debt that Petty owed Citibank was unliquidated or subject to a
bona fide dispute.  Thus, Petty cannot
establish the defense of accord and satisfaction under Section 3.311.  However, Petty=s
inability to rely on Section 3.311 does not forbid him from asserting an accord
and satisfaction under common law. 
Comment 4 of Section 3.311 states as follows:   ASection
3-311 does not apply to cases in which the debt is a liquidated amount and not
subject to a bona fide dispute. 
Subsection (a)(ii).  Other law
applies to cases in which a debtor is seeking discharge of such a debt by
paying less than the amount owed.@  Accordingly, Section 3.311 is not dispostive
in this appeal.

Citibank=s
third legal ground is based upon the contention that the accord and
satisfaction that Petty relies upon is not supported by consideration.  We agree. 
As stated in Prather v. Citizens Nat=l
Bank of Dallas, 582 S.W.2d 903, 906 (Tex. Civ. App.C
Waco 1979, writ ref=d
n.r.e.): 

The old common law rule which has been followed in
Texas since early times is as follows: The mere payment of part of a debt which
is undisputed is not a sufficient consideration to support a promise to accept
the same in full payment of the debt, and does not bar the creditor=s suit to recover the balance.[2]

 

Stated conversely, either an unliquidated claim or a good faith
dispute as to liability on a liquidated claim furnishes sufficient
consideration to support an accord and satisfaction.  See Ind. Lumbermen=s Mut. Ins. Co. v. State, 1 S.W.3d
264, 266 (Tex. App.CFort
Worth 1999, pet. denied).  Since there
was no dispute regarding the amount that Petty originally owed to Citibank on
the account, there was no consideration to support the agreement he reached
with Citibank=s
representative as a matter of law.  Petty=s second issue is overruled.

                                                            This
Court=s
Judgment 

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

February 15, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]Under the applicable standard of review, we assume that
Petty=s description of the phone conversation is correct.





[2]Prather cites Silvers
Box Corp. v. Boynton Lumber Co., 297 S.W. 1059 (Tex. Civ. App.CEastland 1927, writ ref=d), in
support of this proposition.  We note
this court=s previous recognition in Silvers Box of the
common-law rule as the controlling law. 
We also note Justice Hickman=s
criticism in Silvers Box of the common-law rule.  Silvers Box, 297 S.W. at 1061-62.