**Opinion filed February 27, 2015**



## In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## No. 11-13-00040-CV

_____

## ROSE CORE, Appellant

## V.

## CITIBANK (SOUTH DAKOTA), N.A.
## NOW MERGED INTO CITIBANK, N.A., Appellee

**On Appeal from the 362nd District Court**

**Denton County, Texas**

**Trial Court Cause No. 2011-40013-362**

## M E M O R A N D U M   O P I N I O N

Rose Core appeals the summary judgment entered in favor of Citibank (South Dakota), N.A. now merged into Citibank, N.A.[1]  Citibank sued Core to collect on a delinquent credit card debt.  In one issue, Core challenges the granting

---

[1]On July 1, 2011, Citibank (South Dakota), N.A. merged into Citibank, N.A.  Citibank, N.A. is the resulting and surviving national banking association.

of Citibank's motion for summary judgment, arguing among other things that the trial court should have sustained her evidentiary objections, that Citibank did not conclusively establish its breach of contract claim, and that Citibank did not establish its claim for account stated as a matter of law. We affirm.

## *Background Facts*

Citibank sued Core alleging causes of action for breach of contract, "account stated," and common law debt. Citibank eventually filed a traditional motion for summary judgment on its claims for breach of contract and account stated. Citibank supported its motion for summary judgment with the affidavit of Leola Phenix, its records custodian. Phenix's affidavit included account records from January 2005 to February 2010 and Citibank's credit card agreement. Core objected to Phenix's affidavit and argued that it was factually and legally conclusory, that Phenix lacked personal knowledge, and that Phenix failed to attach the proper documents to her affidavit. Core also objected to the relevance of the attached monthly statements and credit card agreement. Core asserted that Citibank had failed to establish as a matter of law its claims for breach of contract and account stated. Core attached to her response Citibank's answers to requests for production and responses to interrogatories. Citibank filed a reply to Core's response in which it argued that Core's evidentiary objections should be overruled and that Citibank had conclusively established its breach of contract and account stated claims. The trial court overruled all of Core's objections and granted Citibank's motion for summary judgment.

## *Analysis*

In her sole issue on appeal, Core contends that the trial court erred when it granted Citibank's motion for summary judgment. She argues that the trial court erred in overruling her evidentiary objections and granting Citibank's claims for breach of contract and account stated. We review a summary judgment de novo.

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

A plaintiff is entitled to summary judgment on a cause of action if the plaintiff conclusively proves all essential elements of the claim. *See* TEX. R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

*Objections to the Summary Judgment Evidence*

Core directs the bulk of her appellate arguments toward the trial court's rulings on her evidentiary objections to Phenix's affidavit. In this regard, Core states in her brief that "[t]his appeal is mostly about the admissibility of evidence. It is a little bit about whether the elements of two straightforward causes of action were satisfied."

We review a trial court's ruling on the admissibility of summary judgment evidence for an abuse of discretion. *Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied). An abuse of discretion exists only when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Core groups her evidentiary objections into two broad headings: (1) objections to the untrustworthiness of Phenix's statements and (2) objections to

the relevance and probative value of the monthly statements and form of contract. Core argues that Phenix's affidavit contains factually conclusory statements: specifically, the assertion of personal knowledge. Additionally, she contends that Phenix's affidavit is based on hearsay and does not satisfy the best evidence rule or Rule 166a(f) of the Texas Rules of Civil Procedure. *See* TEX. R. EVID. 1002, 1003; TEX. R. CIV. P. 166a(f). Finally, Core alleges that several statements in Phenix's affidavit are inadmissible because they are legally conclusory.

Phenix's affidavit provides in relevant part as follows:

### AFFIDAVIT SUPPORTING SUMMARY JUDGMENT

STATE OF MISSOURI )

                       ) ss.

COUNTY OF PLATTE )

Before me, the undersigned authority, personally appeared the person identified below, who being by me duly sworn, deposed as follows:

1. My name is _____ Leola Phenix _____. I am of sound mind, lawful age and capable of making this Affidavit. The statements set forth in this affidavit are true and correct based on my personal knowledge and review of the business records described herein. I am authorized to make this affidavit on behalf of plaintiff Citibank, N.A. (referred to herein as "Citibank"). Citibank is a National Bank located in Sioux Falls, South Dakota.

2. I am employed by Citibank or an affiliate. My job title is Document Control Officer. My employment duties include being a custodian of records with respect to accounts owned by Citibank. As a custodian of records, I have knowledge of, and access to, account information and records concerning the defendant's Citibank account number currently ending in 5889, which is the subject of this lawsuit (the "Account"). As a result, I am competent to testify to the matters stated herein.

3. Citibank's records regarding the Account contain the name and billing address of the defendant, the Account number (and predecessor account numbers, if any), the Account's history, which may include charges made, interest and/or fees assessed, payments and/or credits received, and the minimum payment due and the total outstanding balance due on the Account, all of which are collectively referred to as the "Account Information". Exhibit A attached hereto and incorporated herein are copies of the Account statement transaction detail for the period from 1/24/2005 to 2/22/2010 that was sent to the defendant (the "Account Statement").

4. The Account Information reflects that charges were made on the Account to purchase goods and services and/or obtain cash advances. Defendant was provided periodic billing statements for the Account when there was Account activity, which described the charges on the Account, along with interest, fees, payments, credits and the amount due on the Account.

The Account is subject to written terms and conditions, as amended from time to time, which terms and conditions were agreed to by the defendant's use of Account, a true and correct copy of the most recent version is attached hereto as Exhibit B.

5. Exhibit(s) A and B are business records reflecting information created and maintained by Citibank or its affiliates, in the course of regularly conducted business activity, and are part of the regular practice of Citibank to create and maintain such information, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter.

6. As reflected in the Account Information, defendant did eventually fail to make required payments on the Account.

7. As a result of defendant's failure to make proper payments on the Account, defendant is presently in default on the Account.

8. The Account Information shows that the Account Statement reciting the amount of the debt was sent to the defendant either by regular mail or by electronic mail. The attached Account Statement does not reflect any outstanding disputes on the Account.

9. As reflected on the attached Account Statement, the balance on the Account is $13,421.79. After the attached Account Statement

was sent to the defendant, an additional payment or credit/debit was received on the Account in the amount of $0.00. As of the date of this affidavit, the Account balance of $13,421.79 is due and owing.

10. Citibank's records reflect that defendant opened and/or used the Account and, therefore, to the best of my knowledge, defendant is neither an incompetent, nor an infant.

11. The debt reflected herein is delinquent, past due and remains due and owing. Citibank is the owner of the Account and the party and entity to whom the delinquent debt is owed.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

The San Antonio Court of Appeals recently addressed many of the same evidentiary issues presented in this appeal in dealing with an affidavit similar to the affidavit in this case. *Rodriguez v. Citibank, N.A.*, No. 04-12-00777-CV, 2013 WL 4682194 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.). In *Rodriguez*, the court analyzed an affidavit executed by a document control officer for Citibank to determine whether the affidavit was based on personal knowledge and whether it contained improper legal and factual conclusions. *Id.* at *2–3. The court noted that blanket recitations of personal knowledge would not satisfy the requirement of personal knowledge for affiants. *Id.* at *2 (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 661 (Tex. 1995); *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). Instead, the affiant must explain the basis for his personal knowledge in order to establish the basis for his attested personal knowledge in the affidavit. *Id.*

In *Rodriguez*, the court determined that an affiant may establish personal knowledge when he outlines his job responsibilities "so that one can reasonably assume he would be particularly situated to have personal knowledge of the facts within his affidavit." *Id.* We agree with this holding. With respect to Phenix's

affidavit, she specifically outlined her duties as document control officer. As set forth above, her duties include "being a custodian of records with respect to accounts owned by Citibank." As the custodian of records, Phenix has "knowledge of, and access to, account information and records concerning [Core's] Citibank account." As was the case in *Rodriguez*, this statement in the affidavit is sufficient to establish that Phenix had personal knowledge of Core's relationship with Citibank and the events relating thereto as acquired through her position as document control officer. Accordingly, the trial court did not abuse its discretion by overruling Core's personal-knowledge objection.

Core next argues that Phenix's affidavit is based on hearsay "because it does not positively state that even one single statement is based on her personal knowledge." *See* TEX. R. CIV. P. 166a(f) (summary judgment affidavits "shall be made on personal knowledge"). Core contends that the business records exception to the hearsay rule does not remove the requirement for personal knowledge or trustworthiness. However, as stated above, the personal knowledge of a corporate employee/records custodian may be obtained through his position or job, as long as the affiant acknowledges the source of his knowledge. *Rodriguez*, 2013 WL 4682194, at \*2; *see also In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004).

Core does not object to the portion of Phenix's affidavit addressing the elements of the business-records exception regarding the documents attached to the affidavit. Phenix's affidavit substantially complies with the language of Rule 902(10)(b), which sets out the form affidavit to be used when introducing business records under Rule 803(6). TEX. R. EVID. 803(6), 902(10)(b). An affidavit that substantially complies with the affidavit set out in the rule will suffice. TEX. R. EVID. 902(10)(b); *Fullick v. City of Baytown*, 820 S.W.2d 943, 944 (Tex. App.— Houston [1st Dist.] 1991, no writ). Phenix's affidavit is based on personal

knowledge with respect to her status as a custodian of business records. Furthermore, it is not hearsay under the business records exception. Thus, the trial court did not err when it overruled Core's objections to the affidavit based on hearsay.

Core also contends that Phenix's affidavit is inadmissible because it does not satisfy the best evidence rule. TEX. R. EVID. 1002, 1003. Specifically Core asserts that "many of the statements in the Phenix Affidavit are not in fact supported by documentary evidence, are not demonstrably trustworthy, and are therefore not admissible." We disagree. Phenix's affidavit primarily served to offer duplicate account statements into summary judgment evidence under the business records exception. Under Rule 1003, a duplicate is admissible to the same extent as an original. TEX. R. EVID. 1003. A review of the account documents presented by Citibank supports the statements made by Phenix in her affidavit. The account statements were sent to Core at the same address over a five-year period. The account statements show payments made by Core over that same time period. The attached documents also show that Core stopped making payments on her account in September 2009. The account statements reflected that, at the time Core stopped making payments, her balance was $13,421.79. The attached credit card agreement outlined the account terms, including that Core was required to pay at least the minimum payment due by the payment due date. We conclude that Phenix's affidavit is not inadmissible under the best evidence rule and that the trial court did not err when it overruled Core's objection under Rules 1002 and 1003.

Finally, Core argues that the statements in Phenix's affidavit are inadmissible because they are legally conclusory. Core specifically complains in her brief about the following statements:

- *The Account is subject to written terms and conditions*, as amended from time to time, which terms and conditions were agreed to by the

defendant's use of the Account, a true and correct copy of the most recent version is attached hereto as Exhibit B.

- *. . . defendant did eventually fail to make* required *payments on the Account.*

- . . . defendant is presently in default on the Account.

- . . . the balance on the Account is $13,421.79. . . . As of the date of this affidavit, the Account balance of $13,421.79 is due and owing.

- The debt reflected herein is delinquent, past due and remains due and owing. *Citibank is the owner of the Account* and the party and entity to whom the delinquent debt is owed.

Affidavits containing conclusory statements that fail to provide the underlying facts to support the conclusion are not proper summary judgment evidence. *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). However, Phenix's affidavit is not conclusory. It is based on her personal knowledge derived from her work as a document control officer, whose duties include being one of the custodians of the records of Citibank.

The court noted in *Rodriguez* that logical conclusions based on stated underlying facts within the affidavit or attachments are not improper conclusions. 2013 WL 4682194, at *3. Our review of the statements in Phenix's affidavit and its supporting documentation lead us to the same conclusion. The statements are logical conclusions based on facts stated within Phenix's affidavit regarding Core's account, as well as information contained within the account documents attached to Phenix's affidavit. Phenix states in her affidavit that the account documents contain Core's name and billing address; her account number; and the history of the account, which includes charges made, interest and fees assessed, minimum

payments due, and the total outstanding balance due. The documents, when considered together, provide a factual basis for each statement challenged by Core.

As noted previously, Phenix's affidavit substantially complies with the language of Texas Rule of Evidence 902(10)(b). Phenix avers that "Exhibit(s) A and B are business records reflecting information created and maintained by Citibank or its affiliates, in the course of regularly conducted business activity, and are part of the regular practice of Citibank to create and maintain such information, and also were made at the time of the act, transaction, occurrence or event or within a reasonable time thereafter." *See* TEX. R. EVID. 902(10)(b); *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.). Affidavits that substantially comply with the language of Rule 902(10)(b) are not conclusory in nature. *McFarland*, 293 S.W.3d at 762. We conclude that Phenix's affidavit is not conclusory and that the trial court did not err when it overruled Core's objection to conclusory statements.

Core's next two objections to Phenix's affidavit concern the relevance and probative value of the monthly statements and form of contract. Core asserts that the card agreement was not relevant in this case and was contradicted by Citibank's own discovery answers. To be relevant, evidence must tend to make the existence of a material fact either more or less likely. TEX. R. EVID. 401. Evidence that fails this test is not admissible. TEX. R. EVID. 402. However, Phenix stated in her affidavit that the most recent version of the account terms and conditions was attached as an exhibit. The card agreement is clearly relevant evidence as it makes the existence of an agreement between Core and Citibank more or less likely. Whether there was an agreement between Core and Citibank is a material fact for an account stated. *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). The card agreement is relevant evidence, and the trial court did not err when it overruled Core's objections to its relevance.

Core also objected on the basis that the card agreement attached to Phenix's affidavit was inconsistent with Citibank's own discovery responses. As noted above, Phenix stated in her affidavit that the most recent version of the account terms and conditions was attached to her affidavit. The card agreement attached was printed in 2007. There is no card agreement introduced into evidence that was printed after this date. Core attached to her response to Citibank's summary judgment a card agreement from 2006 that Citibank earlier produced in discovery. However, this agreement predates the agreement attached to Phenix's affidavit. Thus, the card agreement produced in discovery does not contradict Phenix's statement that the latest version of the contract was attached to her summary judgment affidavit. The trial court did not err in overruling Core's inconsistency objection.

Core's last objection to Citibank's summary judgment evidence is that the monthly statements were not relevant to damages for breach of contract. Core acknowledges in her brief that "she used the card to incur charges and that she made payments on the Account." This acceptance and use manifests an intent by Core that the contract between herself and Citibank is in effect. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The monthly statements reflect the total balance, finance charges, any fees incurred, the minimum amount due, and the due date for payment. Each statement reflects key terms, including due date and payment amount, between the parties at that particular point in time. Therefore, the monthly statements are relevant to Citibank's proof of damages in regard to its breach of contract claim.

*Summary Judgment on Breach of Contract Claim*

As a movant seeking summary judgment on its causes of action, Citibank had the initial burden of establishing its entitlement to judgment as a matter of law

by conclusively establishing each element of those causes of action. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Core argues that Citibank has not established as a matter of law its claim for breach of contract. Core admits that there is a contract between the parties. However, Core asserts that Citibank failed to establish the agreed upon essential terms of the contract. Core also argues that there was no evidence presented of offer and acceptance. Finally, Core contends that Citibank failed to establish the amount of its damages.

The essential elements of Citibank's breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the breach. *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see Winchek*, 232 S.W.3d at 202. Parties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Winchek*, 232 S.W.3d at 202; *Prime Prods.*, 97 S.W.3d at 636. "An express contract arises when its terms are stated by the parties whereas an implied contract can arise from the acts and conduct of the parties." *Dulong*, 261 S.W.3d at 894 (citing *Harrison v. Williams Dental Grp., P.C.*, 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004, no pet.)). To be enforceable, a contract must be sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

Phenix's affidavit, along with its supporting account statements, addresses each of the elements of Citibank's breach of contract claim against Core. The card

agreement indicates that it "is your contract with [Citibank] and governs the use of your card and account."

We have reviewed the five years' worth of account statements produced by Citibank. The first of those statements is dated February 16, 2005, and it shows a balance on the account of $14,001.37. Other than a "credit protector fee" of approximately $100 a month assessed to Core's account, Core did not make any purchases on the account until December 2006/January 2007 as reflected on the statement dated February 16, 2007. These purchases reflected on the February 2007 statement were the only purchases that Core made on the account during the five-year period reflected in the account statements. In the two-year period between the February 2005 statement and the February 2007 statement, Core either made the minimum payment due each month as required by the statements or slightly more than the minimum payment due. As a result of her payments during this period, the account statements reflect that she reduced the amount due on her account from $14,001.37 to $12,532.83.

The February 2007 statement reflects that Core made purchases totaling $2,419.79 in the preceding month. These purchases raised the balance due on the account to $14,928.36. In the eleven months following the February 2007 statement, Core continued to make the minimum monthly payments or payments of slightly more than the monthly minimum. These payments reduced the balance due on the account to $13,924.36. Core then stopped making payments on the account as reflected on the February 2008 statement. She did not make any payments on the account for the following three months as well. As a result, the balance of the account increased to $15,821.60 as reflected on the May 2008 statement. Starting with the June 2008 statement, Core began paying the sum of $344 every month on the account. These payments of $344 a month continued for

approximately eighteen months. As a result of these payments, Core reduced the balance due on the account to $12,036.01.

Beginning with the December 2009 statement, Core stopped making payments on the account. As a result of her nonpayment, the balance due on the account increased to $13,421.79 as reflected on the March 2010 statement. Citibank sought and obtained a judgment against Core for $13,421.79, the amount reflected on the last account statement produced by Citibank.

The monthly statements show that all purchases were charged to one account number. They further show the minimum payment due, the payment due date, and the payments made by Core. We conclude that Citibank's evidence shows that the contract terms were sufficiently definite to enable a court to determine the rights and responsibilities of each party. Furthermore, Core's conduct in using the card and making payments on the account for the purchases and charges reflected on her monthly billing statements shows her acceptance of the terms of the card agreement. Core additionally argues that Citibank's summary judgment evidence is insufficient to establish damages. The card agreement and monthly statements attached to Citibank's summary judgment provided detailed explanations of the cost of credit to Core and the methodology employed by Citibank. As to the specific charges to Core, the billing statements show previous balances, any purchases and advances, any payments and credits, and any finance charges incurred during that billing cycle. The statements also showed the applicable interest rates. The total balance owed, as reflected on the March 20, 2010 statement, was $13,421.79. This is the same amount of the damages awarded by the trial court.

We conclude that Citibank established its breach of contract claim as a matter of law. After Citibank established that it was entitled to judgment as a matter of law, the burden shifted to Core to come forward with summary judgment

evidence sufficient to raise a fact issue. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Appellant's only summary judgment evidence was Citibank's own discovery responses. Core did not provide summary judgment evidence showing a different amount owed on the account. Accordingly, the trial court did not err in granting summary judgment on Citibank's breach of contract claim.

*Summary Judgment on Account Stated Claim*

We conclude that Citibank was also entitled to summary judgment on its account stated claim. A party is entitled to relief under the common law cause of action of account stated where (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong*, 261 S.W.3d at 893. Core admits that Citibank established the first element as a matter of law. Furthermore, Core does not dispute the third element of an account stated.

With regard to the second element pertaining to an agreement between the parties fixing the amount due, Core argues that *Morrison v. Citibank (South Dakota) N.A.*, No. 2-07-130-CV, 2008 WL 553284, at *3 (Tex. App.—Fort Worth Feb. 28, 2008, no pet.) (mem. op.), is controlling and that Citibank never established that Core ever agreed to the correctness of the amount due. The fact that *Morrison* is an opinion from the Second Court of Appeals is significant because this case was transferred to us from the Second Court of Appeals in Fort Worth pursuant to an order of the Texas Supreme Court under the authority of Section 73.001 of the Texas Government Code. TEX. GOV'T CODE ANN. § 73.001 (West 2013). In accordance with Rule 41.3 of the Texas Rules of Appellate Procedure, we are required to follow the precedent of the Fort Worth Court of

Appeals "unless it appears that the transferor court itself would not be bound by that precedent." TEX. R. APP. P. 41.3.

Morrison involved a suit to collect on ten different credit card accounts. Morrison, 2008 WL 553284, at *1. The trial court held a bench trial and ruled in favor of Citibank. The Fort Worth Court of Appeals found the evidence legally sufficient to establish the three elements of account stated. Id. at *2. However, the custodian of records for the creditor testified that he "could not be sure that the statements were actually mailed or received." Id. The court of appeals determined, under a factual sufficiency review of the evidence, that the evidence of an agreement between the parties fixing an amount due was "so weak that the trial court's conclusion that Morrison agreed to the amount due is clearly wrong and manifestly unjust." Id. at *3. The court based its determination on the fact that it was unknown whether or not Morrison received unpaid statements and on her failure to dispute any of the statements. Id. In reliance upon Morrison, Core argues that Citibank did not conclusively establish its claim for account stated because there was no evidence that the last monthly statement was ever sent to, received by, or agreed to by Core.

We conclude that Morrison is distinguishable and that the Fort Worth Court of Appeals would not be bound to follow it as precedent. Morrison only involved a claim for account stated. Our determination that Citibank was also entitled to summary judgment on its breach of contract claim renders Morrison noncontrolling. Furthermore, this is an appeal from a summary judgment while Morrison was an appeal from a bench trial. From a factual perspective, this appeal only involves a single credit card account. The account statements offered as summary judgment evidence show that each of them was sent to Core at the same address over the entire five-year period. As detailed above, the account statements reflect a pattern of activity wherein Core paid the minimum monthly payments

specified by the monthly statements on many occasions, indicating that she actually received the monthly statements. Additionally, Core's final eighteen payments were all made in the same amount of $344, further indicating her receipt of the statements and her agreement as to the amount owed.

Moreover, we note that the Dallas Court of Appeals has expressly disagreed with the holding in *Morrison* based upon similar facts regarding credit card statements mailed to a debtor. *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415, 419–20 (Tex. App.—Dallas 2012, no pet.) (citing *Dulong*, 261 S.W.3d at 894). Other courts have followed the position adopted by the Dallas Court of Appeals. *See Rodriguez*, 2013 WL 4682194 (San Antonio); *Singh v. Citibank (S.D.), N.A.*, No. 03-10-00408-CV, 2011 WL 1103788 (Tex. App.—Austin Mar. 24, 2011, no pet.) (mem. op.); *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402 (Tex. App.—El Paso 2009, no pet.); *McFarland*, 293 S.W.3d at 763 (Waco).

Citibank established all of the elements of a claim for account stated as a matter of law. The burden then shifted to Core to come forward with summary judgment evidence sufficient to raise a fact issue to preclude summary judgment. *Clear Creek*, 589 S.W.2d at 678. Core did not provide any summary judgment evidence to raise a fact issue. Accordingly, summary judgment on Citibank's claim for account stated was also proper.

## Conclusion

Based on the foregoing reasons, we hold that the trial court did not err in (1) overruling Core's objections to Citibank's summary judgment evidence and (2) granting Citibank's motion for summary judgment. Core's sole appellate issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


February 27, 2015

Panel consists of: Wright, C.J.,
Bailey, J., and McCall.[2]

Willson, J., not participating.

---

[2]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.