# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00686-CV

Educap, Inc., Appellant

v.

Stephanie L. Mendoza, Appellee

FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY,
NO. 174-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a suit filed by Educap, Inc. against Stephanie L. Mendoza for breach of a student loan agreement. Following a bench trial, the trial court signed a take-nothing judgment in favor of Mendoza. In three issues, Educap asserts that the trial court erred in denying its motion for summary judgment, in refusing to admit certain evidence at trial, and in denying its motion for new trial. For the reasons that follow, we will affirm the trial court's judgment.

## BACKGROUND

In November 2015, Educap filed suit against Mendoza seeking to collect what it alleges are unpaid amounts due under a student loan made to Mendoza in 2005. Educap later filed a combined traditional and no-evidence motion for summary judgment. In support of its motion for summary judgment, Educap attached the affidavit of Susan Martin, a "Legal Collections Coordinator" for Educap. In paragraph one of her affidavit, Martin states:

My name is Susan Martin, I am employed as Legal Collections Coordinator for Plaintiff. I have personal knowledge of the following facts which are true and correct. In my capacity as Legal Collections Coordinator, I have been designated as records custodian for Educap, Inc. I have personal knowledge of the record keeping methods that relate to the account of Stephanie L. Mendoza. Educap, Inc. is authorized to collect the account of Stephanie L. Mendoza. Attached hereto are pages of records kept on this account by Educap, Inc. These pages of said records are kept by Educap, Inc. in the regular course of business and it is the regular course of business of Educap, Inc. for an employee or representative of Educap, Inc with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record and the records were made at or near the time or reasonably soon thereafter. The pages of records attached hereto are the originals or exact duplicate of the originals.

Educap attached eleven pages of documents to Martin's affidavit, including a document entitled "combined private education loan application and promissory note," signed by Mendoza and identifying "5StarBank" as the lender, as well as a check issued by "5StarBank."

In seven additional paragraphs in her affidavit, Martin testifies to matters unrelated to Educap's recordkeeping methods. Instead, in these paragraphs, Martin makes factual statements related to Educap's underlying breach-of-promissory-note claim against Mendoza. In general, Martin states that Mendoza was required to make monthly payments on the promissory note, that she defaulted on her payments and currently owes $29,406.91, and that Educap is the owner and holder of the note.

Mendoza responded to Educap's combined motion for summary judgment by, in part, objecting to the trial court's consideration of Martin's affidavit. Mendoza argued that the documents attached to Martin's affidavit were unauthenticated and inadmissible hearsay and that the affidavit failed to establish the business records exception to the hearsay rule. *See* Tex. R. Evid. 801(d) (hearsay rule), R. 803(6) (business records exception). Mendoza also objected to Martin's affidavit on the ground that it included "unsupported conclusions and factual claims"

for which Martin had not demonstrated personal knowledge. In a written order, the trial court denied Mendoza's objections and denied Educap's motion for summary judgment.

At the bench trial that followed, Educap did not offer any live witnesses. Instead, Educap offered into evidence Martin's affidavit and the attached documents. Mendoza again objected to the affidavit and documents as inadmissible hearsay. In response, Educap argued that Martin's entire affidavit and the documents attached to it were admissible under the business records exception to the hearsay rule. The trial court sustained Mendoza's objection, and Educap offered no other evidence. The trial court signed a take-nothing judgment in favor of Mendoza.

Educap now raises three issues on appeal.

**ANALYSIS**

*Motion for Summary Judgment*

In its first issue, Educap asserts that the trial court erred in denying its motion for summary judgment. Where a motion for summary judgment is denied by the trial court and later tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal. *Barnes v. University Fed. Credit Union*, No. 03-10-00147-CV, 2013 Tex. App. LEXIS 4871, at *11 n.3 (Tex. App.—Austin Apr. 18, 2013, no pet.) (mem. op.) (citing *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966)). As a result, we do not address this issue. *See Cairus v. Gomez*, No. 03-06-00225-CV, 2006 Tex. App. LEXIS 10479, at *29 (Tex. App.—Austin Dec. 6, 2006, pet. denied) (mem. op.) ("We do not reach any of the issues relating to the summary judgment motion because the denial of a summary judgment motion is not appealable.").

*Exclusion of Evidence*

In its second issue, Educap asserts that the trial court erred in refusing to admit Martin's affidavit and attached documents at trial under the business records exception to the hearsay rule. In its third issue, Educap argues that the trial court erred in denying its motion for new trial on this same basis. According to Educap, if the affidavit and documents had been admitted, Educap would have proven each element of its claim against Mendoza.

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). We must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberlgass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). In addition, we will not reverse a trial court for an erroneous evidentiary ruling unless the error was harmful, that is, it probably resulted in an improper judgment. *See* Tex. R. App. P. 44.1 (reversible error in civil cases).

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted and is inadmissible unless a statute or rule of exception applies. Tex. R. Evid. 801(d). The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004)).

The business records exception to the hearsay rule, found in Rule 803(6) of the Texas Rules of Evidence, provides for the admission of "[r]ecords of a [r]egularly [c]onducted [a]ctivity" when certain criteria are satisfied. *See* Tex. R. Evid. 803(6). Under this exception, a

4

record that is otherwise inadmissible as hearsay may be admissible if the proponent demonstrates that (1) the records were kept in the course of a regularly conducted business activity; (2) it was the regular practice of that business activity to make the records; (3) the records were made at or near the time of the events recorded; and (4) the records were made by, or from information transmitted by, a person with knowledge. *Id.* R. 803(6)(A)-(C); *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). This predicate for the admissibility of records under the business records exception may be established by the testimony "of the custodian or other qualified witness" or by an affidavit or unsworn declaration that complies with Rule 902(10). Tex. R. Evid. 803(6)(D); *see id.* R. 902(10)(B) (providing form affidavit for business records exception).

The Rules of Evidence do not require the witness who lays the predicate for admissibility of business records to be the creator of the records or even be an employee of the same company as the creator. *Granbury Marina Hotel, L.P. v. Berkel & Co. Contractors, Inc.*, 473 S.W.3d 834, 842 (Tex. App.—El Paso 2015, no pet.) (citing *E.A.K.*, 192 S.W.3d at 142); *Ortega v. CACH*, *LLC*, 396 S.W.3d 622, 629 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (same). The predicate witness does not have to have personal knowledge of the information recorded but need only have knowledge of the manner in which the records were prepared. *E.A.K.* 192 S.W.3d at 142. In addition, documents authored or created by a third party can become the business records of an organization and, consequently, admissible under Rule 803(6) if the documents are (1) incorporated and kept in the course of the testifying witness's business, (2) the business typically relies upon the accuracy of the contents of the documents, and (3) the circumstances otherwise indicate the trustworthiness of the documents. *Simien*, 321 S.W.3d at

5

240; *see Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 Tex. App. LEXIS 14518, \*35 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.) (citing same).

Here, Mendoza argued at trial that Martin's affidavit was defective as a business records affidavit and therefore inadmissible for two reasons. First, Mendoza argued that the attempt by Martin to establish the predicate for business records exception failed to comply with the form affidavit provided by Rule 902(10)(B). Second, Mendoza argued that the affidavit was inadmissible hearsay because it contains additional factual statements beyond those required for establishing the business records exception. We first consider whether the trial court abused its discretion in excluding Martin's affidavit to the extent it contains statements of fact unrelated to the business records exception.

In paragraph one—the paragraph that Educap contends sufficiently establishes the predicate for the admission of business records under Rule 902(10)—Martin states, "Educap, Inc. is authorized to collect the account of Stephanie L. Mendoza." Similarly, as previously discussed, Martin's affidavit contains seven additional paragraphs that are irrelevant to the issue of whether the attached documents are business records and that instead set out facts that tend to support Educap's underlying claim. In general, Martin states in these paragraphs that:

(2)     under the terms of the promissory note, Mendoza was required to make payments;

(3)     Mendoza defaulted in paying the total of principal and interest due on the note;

(4)     "after all just and lawful offsets, payments, and credits" under the note have been allowed, the balance due on the account is $29,406.91;

(5)     interest continues to accrue at a contract rate of 7.3500% per year;

(6)     Educap is the owner and holder of the note until the date of judgment;

(7)     Educap has made demand for payment which has not been tendered; and

6

(8)     Educap has incurred reasonable and necessary attorney's fees as a result of this litigation.

Unless specifically permitted by statute or rule, affidavits do not constitute evidence in contested cases. *Ortega*, 396 S.W.3d at 630; *Lawson v. Collins*, No. 03-17-00003-CV, 2017 Tex. App. LEXIS 8843, at *11-12 (Tex. App.—Austin Sept. 20, 2017, no pet.) (mem. op.). "Accordingly, when an ex parte affidavit presents evidence beyond the simple authentication requirements of Rule 902, the extraneous portions of the affidavit constitute inadmissible hearsay." *Ortega,* 396 S.W.3d at 630. Martin's statement in paragraph one of her affidavit regarding Educap's authority to collect on the promissory note, along with her statements in paragraphs two through eight, are extraneous to the requirements under Rule 902(10). Consequently, the statements constitute inadmissible hearsay. We conclude that the trial court did not abuse its discretion in excluding Martin's affidavit to the extent the affidavit includes these statements. *See id.*

Next, we examine whether the trial court abused its discretion in excluding the remainder of Martin's affidavit, which purports to establish the business records predicate, along with the documents attached to it. At trial, Mendoza argued that Martin's affidavit was fatally defective as a business records affidavit because it did not specify the number of attached pages that she was attesting to as business records and because, although Martin states that the promissory note is attached as "Exhibit 1," none of the documents attached were designated as exhibits. *See* Tex. R. Evid. 803(6) (records otherwise meeting requirements for admissibility as business record under Rule 803(6) are inadmissible if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness"). Upon review of the

7

requirements of Rule 902(10)(B), we disagree with Mendoza's contention that these discrepancies prevented Martin's affidavit from qualifying as a business-records affidavit.

Although Rule 902(10)(B) provides a form affidavit for establishing the predicate for the admission of business records, the form is not exclusive. *Simien*, 321 S.W.3d at 240. An affidavit that substantially complies with Rule 902(10)(B) is sufficient. Tex. R. Evid. 902(10)(B) ("[A]n affidavit that substantially complies with the provisions of this rule shall suffice . . . ."); *Fullick v. City of Baytown*, 820 S.W.2d 943, 944 (Tex. App.—Houston [1st Dist.] 1991, no writ). Under this standard, we cannot conclude that the failure to include the number of pages or the failure to label a document as an exhibit necessarily prevents a party from satisfying the business records predicate, especially when, as in this case, it is clear what records are offered as business records.[1] Comparing Martin's affidavit to the form set forth in Rule 902(10)(B), we conclude that Martin's affidavit provided the predicate necessary to show that any attached records authored or created by Educap comply with requirements of Rule 803(6).

It is not clear, however, from Martin's affidavit or from the face of the documents themselves that the documents were in fact created or authored by Educap. Attached to Martin's affidavit and offered into evidence were eleven pages of documents, comprised of (1) a document entitled "combined private education loan application and promissory note," signed by Mendoza and identifying 5StarBank as the lender; (2) a loan application checklist for "the LendingTree Student Loan Program, powered by Educap," signed by Mendoza; (3) a copy of a "disbursement notice" and check made out to Mendoza in the amount of $22,748.73 from 5StarBank, dated August 9, 2005; (4) a copy of a "truth in lending disclosure statement," identifying 5StarBank as the lender and stating that 229 monthly payments would be due on the

---

[1] Martin's affidavit and attached records were served on Mendoza at least fourteen days prior to trial, as required by Rule 902(10). *See* Tex. R. Evid. 902(10)(A). The same affidavit and records were then offered at trial.

loan, beginning on September 5, 2005; (5) a printout of a "balance sheet" without any identifying information as to its creator. Martin's affidavit—the only evidence presented by Educap—does not explain what relationship, if any, Educap has to 5StarBank, and the trial court could have reasonably concluded that the documents were business records of 5StarBank, a third party, and not of Educap. *See Barnhart v. Morales*, 459 S.W.3d 733, 742 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (explaining that when reviewing evidentiary ruling by trial court, appellate court "examine[s] all bases for the trial court's decision that are suggested by the record or urged by the parties").

Further, Educap did not present any evidence showing that the records of 5StarBank had become the business records of Educap. That is, Educap did not present evidence that the records were incorporated and kept in the course of Educap's business and that Educap typically relies on the accuracy of the records. *See Simien*, 321 S.W.3d at 240-41 (three-part predicate for third-party business records). Educap also did not present any evidence of circumstances suggesting that the records are trustworthy. *See id.* Because Educap failed to establish that the records were its own business records, or had been incorporated as such, we conclude that the trial court did not abuse its discretion in excluding the documents as inadmissible hearsay. *See Savoy v. National Collegiate Student Loan Tr. 2005-3*, 557 S.W.3d 825, 832 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (noting that proponent's business records affidavit included three-part predicate for admission of third-party documents and concluding that it was sufficient under rule 803(6)); *cf. Carmouche v. State*, No. 14-03-00768-CR, 2004 Tex. App. LEXIS 11164, * 7 (Tex. App.—Houston [14th Dist.] Dec. 14, 2014, no pet.) (mem. op., not designated for publication) (concluding that trial court

abused its discretion in admitting third-party records where proponent only provided basic predicate under rule 803(6)).

Because the trial court did not abuse its discretion in excluding Martin's affidavit in its entirety or the documents attached to it, we overrule Educap's first and second issues on appeal.

## CONCLUSION

Having overruled Educap's issues on appeal, we affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   September 27, 2019